(September 14, 1881.)

## GRETE v. KNOTT.

(September 14, 1881.)

RECORD ON APPEAL—JUDGMENT-ROLL—TRANSCRIPT—STIPULATION.— Upon appeal from a judgment upon the judgment-roll alone a written stipulation signed by both parties stipulating for judgment in behalf of plaintiff in a certain sum is properly no part of the judgment-roll, and would, on motion, be stricken out, yet where such stipulation is in the record without objection, and is referred to by both parties in argument upon hearing the appeal, it will be considered by the court as a part of the transcript by consent of parties.

JUDGMENT ON STIPULATION—PRACTICE.—Where a defendant stipulates that judgment may be entered for plaintiff for a sum greater than that demanded in the complaint a judgment for such sum is proper.

APPEAL from District Court, Alturas County. Affirmed.

Edward Nugent, for Appellant.

The defendant was not within the jurisdiction of the court; it then becomes the duty of the respondent to show that personal jurisdiction was acquired at the time the judgment was rendered. If this is done by publication, it must appear that all the requirements of the statute were strictly complied with. (*Galpin v. Page,* 18 Wall. 350; S. C., 3 Saw. 103, Fed. Cas. No. 5206; *Neff v. Pennoyer,* 3 Saw. 295, Fed. Cas. No. 10,085; *Pennoyer v. Neff,* 95 U. S. 714; *Webster v. Reid,* 11 How. 437; Freeman on Judgments, 3d ed., secs. 125, 127; *Starbuck v. Murray,* 5 Wend. 148, 21 Am. Dec. 172; *Belcher v. Chambers,* 53 Cal. 635; *Braly v. Seaman,* 30 Cal. 618; *Jordan v. Giblin,* 12 Cal. 101; *Ricketson v. Richardson,* 26 Cal. 155; *McMinn v. Whelan,* 27 Cal. 314; *Gray v. Larrimore,* 4 Saw. 644, Fed. Cas. No. 5721.) The paper appearing in the transcript indorsed "Stipulation for Judgment" is merely an agreement concerning one of the thirteen causes of action set forth in the complaint, and is treated as such by both the plaintiff and the court, since the judgment is on default, and the right to render it based on the service by publication. The statute provides that the sole evidence of an appearance shall be an answer, demurrer, or written notice of an appearance. A court cannot change this

requirement of the statute. (*Steinbach v. Lees,* 27 Cal. 298; *Glidden v. Packard,* 28 Cal. 651.) There is nothing in the record to show that the defendant signed the stipulation in question, proof of which should appear and should be in the judgment-roll if the court is to take judicial notice of it. (*Joyce v. Joyce,* 5 Cal. 449; *Litchfield v. Burwell,* 5 How. Pr. 341.)

Richard Z. Johnson, for Respondent.

The first three specifications of error do not arise upon the record as presented upon this appeal. (*Wetherbee v. Carroll,* 33 Cal. 553; *Sharp v. Daugney,* 33 Cal. 506, 514; *Morris v. Angel,* 42 Cal. 240; *Harper v. Minor,* 27 Cal. 109; *Abbott v. Douglass,* 28 Cal. 296.) It may be admitted that a judgment without jurisdiction is void, and for the purposes of this appeal, that a defendant may show a want of jurisdiction whenever and wherever he is confronted with a judgment, but no such showing is made in this case, and in its absence the court will not presume error and contradict the record. Every act of a court of competent jurisdiction is presumed to have been rightly done, and every matter adjudicated becomes a part of the record. (*Voorhees v. Bank of United States,* 10 Pet. 470; *Galpin v. Page,* 18 Wall. 365.) In this case there was no adjudication or recital of service. (*Lick v. Stockdale,* 18 Cal. 223, 224; *Quivey v. Porter,* 37 Cal. 463, 464; *Reily v. Lancaster,* 39 Cal. 355, 356; *Eitel v. Foote,* 39 Cal. 441; *Sharp v. Brunnings,* 35 Cal. 533, 534; *Hahn v. Kelley,* 34 Cal. 407, 408, 419, 420, 426, 428; *Vassault v. Austin,* 36 Cal. 695, 696; *McCauley v. Fulton,* 44 Cal. 361.) A judgment does not depend upon the clerical duty of making up the judgment-roll or preserving the papers. (Freeman on Judgments, sec. 87; *Lick v. Stockdale,* 18 Cal. 219, 223; *Sharp v. Lumley,* 34 Cal. 612, 614.) The judgment was by consent and no appeal will lie therefrom; it was ordered entered in accord with the prayer of the complaint and a stipulation on file. (*Spinetti v. Brignardello,* 53 Cal. 283.) A judgment entered upon stipulation will not be reviewed. (*Mecham v. McKay,* 37 Cal. 158; *Thompson v. Connolly,* 43 Cal. 636; *Meerholz v. Sessions,* 9 Cal. 277; *Brotherton v. Hart,* 11 Cal. 405; *Coryell v. Cain,* 16 Cal. 572; *Sleeper v. Kelly,* 22 Cal. 456; *Imley v. Beard,* 6 Cal. 666.) Stipulations in actions pending filed or entered of record are solemn agreements be-

tween the parties and with the court, and courts are bound to enforce them. (*Meagher v. Gagliardo,* 35 Cal. 605, 606; *Banks v. American Tract Society,* 4 Sand. 438; *Staples v. Parker,* 41 Barb. 648; *Oakley v. Aspinwall,* 2 Sand. 7.)

BUCK, J.—The plaintiff filed his complaint in this action on the third day of October, 1879. Summons was issued on the same day, but personal service was never effected. An attempt at service was made by publication on the twenty-seventh day of April, 1880. The following stipulation was entered of record in the case and filed:

*"In the District Court of the Second Judicial District, in and for Idaho Territory, Owyhee County.*

"JOHN GRETE

v.

WM. B. KNOTT.

"It is stipulated by and between the parties hereto that in the item of the complaint containing the account of Timothy Warren against the defendant, be enlarged to the amount of $677, on account of a failure of certain credits allowed in the complaint, and that the whole judgment be enlarged to embrace said sum.                    WM. B. KNOTT.

"April 27, 1880."

On the same day judgment was entered in compliance with the prayer of the complaint and that stipulation on file for $4,291.89 and costs and disbursements. The said stipulation was the only appearance of the defendant in the case. The case comes to this court on an appeal from the judgment, and the record consists of the judgment-roll alone. The appeal seeks to reverse the judgment on the following grounds: 1. Because the record shows that the defendant was a nonresident, and does not show sufficient service of the summons to give the court jurisdiction of the person of defendant; 2. That there was no waiver of service of the summons; 3. That the paper appearing in the transcript marked "Stipulation for Judgment" was not an appearance on the part of the defendant; 4. That the record does not show that said stipulation was signed by defendant, and that proof of such signature should appear in the judgment-roll.

In the argument of the case the attention of the respective attorneys was given chiefly to two points: 1. Whether the service of the summons, as shown by the record, was sufficient to give the court jurisdiction; 2. Whether the paper indorsed "stipulation" was sufficient to sustain the judgment.

The first point is a question of great importance, involving the validity of service of summons by publication, much discussed in later decisions in federal and state courts.

The judgment of the court, however, is based in this case on the stipulation for judgment, and it is not, therefore, necessary to consider the first point. The paper marked "Stipulation for Judgment" properly forms no part of the judgment-roll, and under former decisions of this court would have been stricken out on motion, had such a motion been made. But as it is made a part of the transcript, and no objection being made to it, and the attorneys of the respective parties having given prominence to it in the argument, the court is of the opinion that it should be considered as a part of the record by consent of parties. This paper is entitled and filed as other papers in the action. Appellant claims that it has reference to but one specified item in the complaint. But in direct terms it refers to the whole judgment. In terms, it stipulates that that item be enlarged to $600, and that the whole judgment be enlarged to include that amount. The whole judgment, by reasonable construction, is the judgment asked for in the complaint. The court is of the opinion that this writing, in terms, consents, at least, that the judgment entered according to the prayer of the complaint be enlarged by $600. If advantage was taken of defendant in entering judgment too soon, or contrary to the terms of the stipulation, the defendant might have had it corrected in the court below under section 68 of the Code of Civil Procedure. The judgment recites that it was entered according to the prayer of the complaint and the stipulation on file. Even without reference to the terms of the stipulation, from the terms of the judgment we presume that the truth of the recitals was established by competent evidence to the satisfaction of the court, but the evidence should form no part of the judgment-roll.

The judgment is affirmed.

Morgan, C. J., and Prickett, J., concurred.