[No. 6022. Decided July 17, 1906.]

EUGENE T. WILSON, *as Receiver of The Big Bend National Bank, Respondent,* v. A. V. MARTIN, *Appellant.*[1]

APPEAL—APPEALABLE ORDERS—EX PARTE DISMISSAL. No appeal lies from an *ex parte* voluntary dismissal, where no motion to vacate . or set aside the order is made.

Appeal from an order of the superior court for Lincoln county, Warren, J., entered July 20, 1905, upon the *ex parte* application of the plaintiff, dismissing, without prejudice, an action by the receiver of a bank to recover an assessment on capital stock. Appeal dismissed.

*J. T. Mulligan* and *H. N. Martin,* for appellant.

*H. A. P. Myers,* for respondent.

RUDKIN, J.—This action was brought by the plaintiff, as receiver of the Big Bend National Bank, to recover an assessment of $100 per share on thirty shares of the capital stock of the association owned by the defendant. The answer, in addition to denials, contained three affirmative defenses or counterclaims. The substance of these defenses or counterclaims was as follows: (1) Fraudulent representations made by the officers of the bank in the sale of the stock to the defendant; (2) that the entire capital stock of the bank had been subscribed and issued prior to the issuance of the thirty shares held by the defendant; and (3) that the bank was indebted to the defendant in the sum of $2,500. On the 22d day of May, 1905, the court sustained a motion to strike the first and second affirmative defenses and refused leave to amend. At the same time and by the same order, the court sustained a demurrer to the third affirmative defense or counterclaim with leave to amend. The next step in the cause seems to have been taken on the 20th day of July, 1905,

1Reported in 86 Pac. 205.

when the court entered an order of dismissal without prejudice on the *ex parte* application of the plaintiff. From this order the defendant appeals.

At the hearing in this court, the respondent moved to dismiss the appeal for the reason that the order is not appealable, and that this court is without jurisdiction. The rule seems to be well established that an appeal will not lie from an *ex parte* order. The proper procedure is to move to vacate or set aside the order and appeal from the decision on the motion. 2 Ency. Plead. & Prac., 96; 2 Cyc. 621, and cases cited. To the same effect, see, *Pacific Supply Co. v. Brand,* 7 Wash. 357, 35 Pac. 72; *Hall v. Skavdale,* 21 Wash. 203, 57 Pac. 807. The reason for the rule is thus stated in *State ex rel. Norris v. District Court,* 52 Minn. 283, 53 N. W. 1157:

"That appeals will lie from such *ex parte* orders is opposed to the obvious reason upon which all purely appellate proceedings must be supposed to rest, namely, the necessity of an appeal to correct the error supposed to have been committed. The law attaches much importance to the hearing of both the interested parties, not only as a matter of right to them, but as an aid to courts in the determination of matters brought before them. It is ordinarily to be supposed that a court which may have acted inconsiderately or erroneously upon a one-sided application would preceive and correct its error if the adverse party were heard. An examination of many decisions in this court shows that the general language of the statute declaring the right of appeal has been construed in a limited sense where there has been no real consideration in the court below of the matter in question, with opportunity for the interested party to be heard, and when it is to be presumed that upon hearing and consideration the court would correct any error which it may have committed."

It is true the authorities which hold that an appeal will not lie from an *ex parte* order, hold that an appeal will not lie from a default judgment, for the same reason, and this court held in *Rhode Island Mtg. etc. Co. v. Spokane,* 19 Wash. 616,

53 Pac. 1104, that an appeal will lie from a default judgment, without first moving against the default in the court below.  In Rhode Island Mtg. etc. Co. v. Spokane, this court followed the decisions of the territorial supreme court and of the California supreme court, which base the right of appeal from a default judgment on the provision of the statute which permits the question of the sufficiency of the complaint to state a cause of action to be first raised in the supreme court. By reason of this statute it was held that a party might appeal from a default judgment, and raise the question of the sufficiency of the complaint to sustain the judgment for the first time in the appellate court.  But here there is no affirmative judgment to sustain, and no judgment on the merits of any kind, and the case is therefore controlled by the general rule which we have stated.

The appeal is accordingly dismissed.

Mount, C. J., Fullerton, Hadley, Dunbar, Crow, and Root, JJ., concur.