(September 11, 1913.)

STATE ex rel. J. C. FEEHAN et al., Appellants, v. WILL-IAM WYLIE and R. W. SKEEMAN, Respondents.

[135 Pac. 59.]

ACTION FOR REMOVAL FROM OFFICE—FAILURE TO PERFORM OFFICIAL DUTY.

1. Where an accusation has been filed against a public officer and an answer has been filed, and the record on appeal fails to show that any evidence whatever was introduced and that after the case was "heard upon the complaint and answer filed," a judgment of dismissal of the action was entered, *held,* that such judgment was regular and proper, and that the burden of proof was upon the plaintiff, and that the presumption arises that no evidence was introduced and that consequently the plaintiff failed to support the accusation by proper proofs; also *held* that if it be conceded that evidence was introduced, it will be presumed that it failed to support the accusation, and that a judgment of dismissal was properly entered.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action for removal of defendants from office for failure to discharge official duties. Judgment for defendants. Plaintiff appeals. *Affirmed.*

James A. Wayne, for Appellants.

A. G. Kerns, for Respondents.

Counsel file no briefs.

AILSHIE, C. J.—In this case an accusation was filed in the name of the state on relation of J. C. Feehan, P. L. Spaulding, Albert Otto and Mrs. Minnie Otto, against William Wylie and R. W. Skeeman, charging them with neglect and refusal to perform official duties imposed upon them by statute.

The defendants were trustees of school district No. 2 in Shoshone county, and it was charged that the neglect and refusal to perform their official duties consisted in a failure to make a report in writing as prescribed by sec. 61, chap. 159 of the Session Laws of 1911. Defendants demurred and the demurrer was overruled. They answered and plaintiff demurred to the answer. The record fails to show what disposition was made of this latter demurrer. The record fails to show whether any evidence was taken or a stipulation as to the facts was made or if the case was submitted to the court on the pleadings. Immediately following the demurrer as it appears in the transcript and under the same date the following order and judgment appears:

"The above-entitled cause coming on to be heard upon the complaint and the answer filed herein, the plaintiffs appearing by their attorney, Mr. James A. Wayne, and the defendants appearing by their attorney Mr. A. G. Kerns, and the court having overruled a demurrer to the answer, and being now fully advised in the premises;

"Therefore it is hereby ordered, adjudged and decreed that this action be and the same is hereby dismissed, and that the defendants have and recover of and from the plaintiffs their costs and disbursements herein taxed at the sum of ——— dollars.

"Dated this 8th day of June, 1912.

"WILLIAM W. WOODS, Judge."

This constitutes the whole record in the case. No briefs have been filed. Brief oral arguments were made when the case was called for hearing in this court. While the record does not show the fact, it was suggested on the oral argument that oral statements were made in open court when the case was called in the district court, and that upon those state-

ments the trial judge made and entered the order above set forth. However this may be, the burden of proof was on the plaintiff, and if no proofs were introduced, and none appear in the record, then it was the duty of the court to enter judgment for the defendants. If proofs were submitted or statements were made to the trial judge, then in the light of this judgment, we must assume that those proofs and statements were favorable to the defense.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondents.

Sullivan and Stewart, JJ., concur.