(March 12, 1915.)

## MABEL LEONARD, Respondent, v. JAMES H. BRADY et al., Appellants.

[147 Pac. 286.]

DEFAULT — PREMATURE ENTRY OF — PROCEDURE ON MOTIONS TO SET ASIDE.

1. A defendant is entitled to have a judgment formally vacated and set aside on the records by direct action of the court, upon proper application therefor, even though prior thereto the sustaining of a motion to set aside a default against such defendant has had the legal effect of vacating the judgment by implication.

2. Where a motion to set aside a default because prematurely entered has been filed and argued by a defendant, but is not decided, and such defendant files and argues a second motion to set aside said default, on the grounds of surprise, inadvertence and excusable neglect, and said second motion also prays that a judgment based on said default be vacated, an order of the district court, made upon motion of the plaintiff, striking from the files said second motion to set aside the default and vacate said judgment, is error.

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. Edward A. Walters, Judge.

Motion to strike motion to set aside default sustained. Defendant appeals. *Reversed.*

Sullivan & Sullivan and W. C. Howie, for Appellant, cite no authorities.

Daniel McLaughlin and Perky & Crow, for Respondent.

Since the order of the court setting aside the default gave the respondent time in which to answer or demur, the effect of setting aside such default was to set aside the judgment entered thereon. The vacating of the default vacated the judgment; this is a necessary implication; for a determination of a motion is not always express, but may be implied. (14

Ency. Pl. & Pr. 171, and cases; *Sterling Bridge Co. v. Pearl*, 80 Ill. 251; *Houghton v. Milburn*, 54 Wis. 554, 12 N. W. 23, 11 N. W. 517; *Shepard* v. *Ogden*, 3 Ill. 257; *Home Flax Co. v. Beebe*, 48 Ill. 138; *Merchants' Ad. Sign Co. v. Los Angeles Bill Posting Co.*, 128 Cal. 619, 61 Pac. 277; *Winer v. Mast*, 146 Ind. 177, 45 N. E. 66.)

The default having been set aside, the second motion filed, but not presented, to again vacate such default and the judgment depending on it, was properly denied. The order of the court sustaining the motion to strike out respondent's motion is equivalent to a denial of the latter motion. (*Lang v. Superior Court*, 71 Cal. 491, 12 Pac. 306, 416; *White v. Morgan*, 119 Ind. 338, 21 N. E. 968; *Blemel v. Shattuck*, 133 Ind. 498, 33 N. E. 277; *Long v. Ruch*, 148 Ind. 74, 47 N. E. 156.)

Appellant had the right to place his motion to set aside the default on any grounds he saw fit to choose. He elected to set the default and judgment aside on the ground that service was premature. The order of the court setting aside such default, and by implication setting aside the default judgment, was an adjudication of the matter. (*Bernhard v. Idaho Bank & Trust Co.*, 21 Ida. 598, Ann. Cas. 1913E, 120, 123 Pac. 481.)

Conceding that the second motion made was a proper one, still the court did not abuse its discretion in denying it. A motion of this kind is addressed to the sound discretion of the court. (*Richards v. Richards*, 24 Ida. 87, 132 Pac. 576.)

DAVIS, District Judge.—In this case a default was entered by the clerk of the district court against Brady, and he filed a motion to set aside said default on the ground that it had been prematurely entered. Shortly before the hearing on said motion a default judgment was entered against Brady, of which he had no knowledge until the date of the hearing on said motion. After the argument of said motion and before it had been decided, Brady filed another motion to set aside the default against him, based on the ground of surprise, inadvertence and excusable neglect, supported by affi-

davits and accompanied by an affidavit of merit, said second motion also praying that said judgment be vacated. Within a few days the district court entered an order sustaining the first motion to set aside the default, without knowledge that the second motion had been filed. The respondent thereupon made a motion to strike Brady's second motion to set aside the default, containing the motion to vacate the judgment, on the ground that said default had already been set aside. Said motion to strike from the files being granted, this appeal is from said order of the district court.

It was error for the court to strike the motion in its entirety and the affidavits from the files, because a defendant is entitled to have a judgment formally vacated and set aside on the records by direct action of the court, upon proper application therefor, even though prior thereto the sustaining of a motion to set aside a default against such defendant has had the legal effect of vacating the judgment by implication. A plaintiff has no right to have a judgment standing upon the records against a defendant if in fact such judgment is void. A motion to vacate such judgment is a proper procedure. Where a motion to set aside a default because prematurely entered has been filed and argued by a defendant, but is not decided, and such defendant files another motion to set aside such default on the grounds of surprise, inadvertence and excusable neglect, accompanied by affidavits, and said motion also prays that a judgment based upon said default be vacated, said court should deny the motion to strike and should hear and determine the motion to vacate the judgment. A district court is not justified in striking a motion from the files where the purpose of the motion is to set aside a default and also to vacate a judgment, even though the motion to set aside the default is a repetition and cannot properly be considered at that time, since the motion to vacate the judgment is a separate and distinct matter entitled to a hearing on its merits. The order of the district court appealed from is reversed and the case is remanded for further proceedings herein consistent with this opinion, and in the opinion of this

court in the case of *Mabel Leonard v. James H. Brady et al.,*
*post,* p. 78, 147 Pac. 284. Costs on appeal awarded to appellant.

Budge and Morgan, JJ., concur.