# September Term, 1919

## No. 9321.

### SPROUL v. MONTEITH, ET AL.

1. *Judgment—Amendment of Record.* It is the duty of the court to correct errors in its record whenever called to its attention. After a lapse of considerable time the utmost circumspection should be exercised.

The record showed findings of fact for the plaintiff, and the judgment docket exhibited in regular form the damages and costs awarded, but no judgment appeared in the record. Entry of judgment *nunc pro tunc*, at a later date, approved.

2. PROMISSORY NOTE—*Warrant to confess judgment—Endorser.* Is not party to such warrant. A judgment against him without service of process is void.

3. ESTOPPEL—*By Conduct.* One who knowing the invalidity of a judgment against him assists in the sale of his goods, under execution upon such judgment, making no objection thereto, cannot afterwards maintain an action against the sheriff for the conversion of the goods.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

*Department Two.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. JESSE STEVENSON and Mr. JOHN I. PALMER, for defendants in error.

Opinion by Denison, J.

THE plaintiff in error brought suit July 12, 1916, against the defendants in error for the conversion of certain hay. A verdict was directed for the defendants and plaintiff brings error.

The defendant Monteith justified under an execution issued January 9th, 1914, out of the County Court of Rio Grande County, directed to him as sheriff of Saguache County, upon a judgment against plaintiff and others rendered April 18th, 1912.

For a second defense he alleged that plaintiff voluntarily turned over the hay for the purpose of having the same sold, and the proceeds applied on the execution.

For a third defense he alleged that plaintiff for a consideration agreed with one Chenoweth, one of his co-judgment debtors, to pay the judgment.

As to the judgment in the County Court the plaintiff replied, in effect, *nul tiel record,* and also alleged that there was no service on or notice to him of the suit, and claimed that the judgment was void. He traversed the allegations in the second and third defenses.

At the trial it appeared that the County Judge, who was also clerk, had entered full findings showing both the amount of the damages, and of the costs, but had not entered a formal judgment. He had, however, entered in regular form a judgment docket, showing the amounts of damages and costs in the usual manner. It also appeared that after the present suit had been begun, proceedings had been taken to correct this error by having the judgment entered *nunc pro tunc.*

The court below held that these proceedings were properly taken; that it was proper and right to take them, and on this ground directed a verdict.

So far as the entry of the judgment *nunc pro tunc* is concerned the court was right. It is the duty of the court to correct errors in its record whenever its attention is called to them, and, while it is true that such action should never be taken after any considerable time has elapsed, without the utmost circumspection and ample proof, yet in this case the record of the findings and the judgment docket are convincing that a judgment was actually rendered and furnish all the facts necessary to the judgment itself. The

County Court, therefore, would have been neglectful of its duty if it had not amended its record as it did.

A more serious question is raised, however, as to the jurisdiction of the person of the plaintiff in error in the suit in the County Court. That proceeding was upon two notes, payable to one Cleaton, plaintiff in the suit, of the kind sometimes called cognovit or judgment notes. They contained warrants of attorney as follows:

I hereby authorize any attorney at law, after the maturity of this note, to appear in any court of record in Colorado, or elsewhere, and waive the issuance and service of process and confess judgment against me, and in favor of the payee or assigns, for the sum due thereon, costs and attorney's fee, and to release all errors, exceptions and right of appeal.

They were signed by Frank A. Dean and John T. Orr on the face and by Sproul and others on the back, it seems before delivery. The only way in which Sproul was brought into court was by an appearance for him under this warrant; unless therefore, he is bound by the warrant, the judgment as against him is void.

Under our negotiable instrument act Sproul was an indorser, G. S. 1908, secs. 4526 and 4527, but was not entitled to demand and notice. under sec. 4533, because the note contained a waiver of protest, secs. 4572-3-4. The liability of the indorser, therefore, under the statute, sec. 4529, was to pay the holder if the maker did not. He incurred no other liability and was not a party to the warrant of attorney. It follows that the judgment against him was without jurisdiction of his person, and, since the record shows no jurisdiction of the person, it is void on its face and does not justify the sheriff under the execution. The *nunc pro tunc* order must, of course, fall with the judgment. If no judgment then no valid entry thereof.

Notwithstanding this, however, we think the court was right in directing the verdict for defendants.

The plaintiff, Sproul, was informed of this judgment about October 1st, 1912. October 12th, 1912, he wrote the letter Exhibit D, in which he says that his Denver attorney had advised him "to have the court open judgment there on the ground that I was not properly notified." Therefore he knew of the invalidity of the judgment. Notwithstanding this, as appears by his own testimony, he accompanied the judgment creditor's attorney to the sale, helped measure the hay and compute its amount and made no objection of any kind; on the contrary, March 31st, 1914, some weeks after the sale, he writes to the judgment creditor, Cleaton, that he had given one Greene a bill of sale of the hay "for money I owed him and I got him to release it and let it sell so I could pay that amount on the judgment." With this evidence of acquiescence in the sale, no verdict for conversion could stand and therefore the court was right in directing a verdict for the defendants.

"Where one with knowledge of the facts induces another by words or conduct to believe that he acquiesces in a transaction or that he will offer no opposition thereto, he cannot repudiate it if that other, in reliance on such belief, alters his position." 16 Cyc., 791-795.

The judgment should be affirmed.

Garrigues, C. J., and Scott, J. concur.