## No. 11,014.

### SIDWELL v. FIRST NATIONAL BANK OF WELLINGTON.

Decided February 2, 1925.

Action on promissory notes.   Judgment for plaintiff.

*Reversed.*

1.  BILLS AND NOTES—*Endorser—Guarantor.*  A guarantor of a promissory note is not an endorser within the meaning of that term as used in the warrant of attorney contained in the note under consideration and upon which judgment was entered against plaintiff in error.

2.  *Endorser—Guarantor.*  There are well defined distinctions between the contract of an endorser and that of a guarantor of commercial paper.

3.  JUDGMENT—*Bills and Notes—Warrant of Attorney—Guarantor.*  A judgment against a guarantor of a promissory note, under warrant of attorney, who did not join in the execution of the warrant, held entered without jurisdiction of the person, and void.

4.  *Void—Vacation.*  One against whom a judgment is taken which is void for want of jurisdiction of the person, is entitled to have it vacated without imposition of terms.

5.  *Vacation—Terms.*  Section 81, Code of '21, is not applicable to judgments which are void for want of jurisdiction of the person.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Messrs. GOSS, KIMBROUGH & HUTCHINSON, Mr. W. B. RUTLEDGE, JR., Mr. CHARLES D. BROMLEY, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THE First National Bank of Wellington was the holder of two judgment notes executed by W. C. Merideth and Elva M. Merideth. Judgment was taken against the makers, in the sum of $3,490.35, which included $317.31 as attorney's fees provided in the notes for the plaintiff's attorney. The confession or warrant of attorney, under which the judgment was taken, does not purport to be made on behalf of any other party or parties than the "makers and endorsers." The plaintiff bank nevertheless sued and took judgment, in the same proceeding, also against the plaintiff in error, Mrs. M. J. Sidwell, who was joined as a party defendant, but who was neither a maker nor an indorser. She had signed, on the back of each note, the following memorandum:

"For value received I hereby agree to guaranty payment of the within note at maturity and expressly waive presentment, protest and notice of protest and agree to any extensions either before or after maturity."

Mrs. Sidwell, after the entry of the judgment by confession or as if by confession, filed a motion to vacate the judgment as against her. The court granted the motion, overruling, however, that part thereof which attacked the judgment as having been entered without jurisdiction. The court required Mrs. Sidwell, as a condition precedent to filing her answer, to pay into court the sum of $340, the same being the attorney's fees provided for in the notes, and the costs theretofore paid by plaintiff. She paid this sum, and filed her demurrer and answer. The court thereafter sustained her demurrer to the complaint, and dismissed the action as against her.

After the sustaining of the demurrer, Mrs. Sidwell moved for a retaxation of costs and for an order that she be repaid the sum of $340 which she had theretofore been required to pay into court. Her motion was denied, and the denial is assigned as error.

Mrs. Sidwell was a guarantor. She was not an indorser within the meaning of that term as used in the warrant of attorney. There are well defined distinctions between

the contract of an indorser and that of a guarantor of commercial paper. 28 C. J. 893; 20 Cyc. 1403. The plaintiff in error not being an indorser, nor a maker of the note, did not, therefore, join in the execution of the warrant of attorney, and not being a party to it, the plaintiff's judgment against her was without jurisdiction of her person and void on its face. *Sproul v. Monteith,* 66 Colo. 541, 185 Pac. 270.

The judgment against the plaintiff in error being void, she was entitled to have it vacated. 23 Cyc. 970; 34 C. J. 270. The judgment being void for want of jurisdiction of the person, it was not proper to impose terms. 23 Cyc. 970; 34 C. J. 379. While section 81 of the Code of Civil Procedure of 1921 provides for the vacation of judgments on terms, it is not applicable to judgments void for lack of jurisdiction of the person. *DuBois v. Clark,* 12 Colo. App. 220, 55 Pac. 570.

For the reasons above indicated ,the court erred in not sustaining the motion to retax costs and to repay the sum advanced by Mrs. Sidwell.

The order refusing to retax costs and to restore the $340 above mentioned is reversed, and the cause remanded with directions to enter an order in harmony with the views herein expressed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.