## CARTMELL v FIRST NATIONAL BANK & TRUST COMPANY (2 cases)

Ohio Appeals, 2nd Dist, Clark Co
Nos. 286 & 287. Decided Dec 18, 1930

Cole, Bowman & Hodge, Springfield, for Cartmell.

Martin & Corry, Springfield, for First Natl. Bank & Trust Co.

ALLREAD, J.

We think the law is well settled that a power of attorney for the confession of a judgment, especially when found in a promissory note is to be strictly construed in favor of the persons against whom the judgment is taken and, reasonable indulgence, under its terms, is to be given to the defendants. In no state is this doctrine more thoroughly settled than in Ohio. In the case of **Cushman v Welsh, 19 Oh St, 536** it was held as follows:

"A warrant of attorney to confess judgment must be strictly construed, and the authority thereby conferred cannot be exercised beyond the limits expressed in the instrument."

Again, in **Spence v Smerine, 46 Oh St, 435,** it is held that, after stating the warrant of attorney:

"Such warrant of attorney conferred no authority to confess judgment against the maker of the note, in favor of the holder to whom the payee had transferred the note by delivery."

There are other cases in Ohio to the same effect. We, therefore, look to the power of attorney to see whether it clearly gives the right to render judgment not only against the maker but against one whose name appears on the back of the note as endorser. It appears that the note was made payable to the First National Bank & Trust Company and the question of an

endorsee of the paper to a succeeding holder is not involved. It is claimed that Cartmell is liable as endorser. His name appears on the back of the note without any designation or limitation, consequently, in order to furnish a consideration against him it must appear that his name was on the back of the paper at the time of its delivery to the payee the First National Bank & Trust Company. The failure to make this averment in the petition would be a fatal objection if alleged in a motion for a new trial. But ignoring this defect, Cartmell can only be held in the most favorable light as an endorser. We are unable to find any case involving the exact question here presented as to the liability of an endorser. We can not escape the conclusion that the liability of an endorser is secondary; that is, he becomes liable after the principal has failed to pay, consequently the judgment against the principal and the judgment against the endorser for a liability are based upon different principles. In this power of attorney the maker or endorser are stated in the disjunctive. The term maker or endorser cannot be read so as to authorize a joint judgment against both makers and endorser. The Ohio Garment Company signs the document on the face and is liable as maker. We do not see how the endorser could be made liable unless upon the failure of the maker to pay. His liability should naturally be by a different contract and we are of opinion that to include both of them in the same power of attorney is inconsistent and makes the instrument as to the endorser void or at least voidable.

This form of argument would authorize a judgment against either maker or endorser but not against both. This is similar to a case where a judgment is taken against one of the makers under a cognovit authorizing a judgment against all. Mayer v Rich, 192 Ill. 561, Bauman v Simmons, 218 Ill. Ap 482, Bulsky v Tomer, 223 Ill. Ap 226, **Hoffmaster v McKelvey Co., 88 Oh St 552.**

Counsel cite the case of Sproul v Montieth, 66 Colo. 541. The power of attorney in that case is not exactly like the one under consideration here and the case does not apply to the facts of this case. Counsel for the plaintiff in error cite the case of Johnson v Phillips, 143 Md. 16, and also certain other cases which involve the liability of an endorser. We have examined these cases and also the other cases and find nothing that conflicts with our views. We, therefore, reach the conclusion that the trial court erred in not sustaining the motion vacating the judgment.

Judgment reversed.

KUNKLE, PJ, and HORNBECK, J, concur.