(No. 5783. July 12, 1932.)

VIVIAN F. BALDWIN and E. R. BALDWIN, Respondents, v. ED. ANDERSON, Respondent, and AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Surety, Appellant.

[13 Pac. (2d) 650.]

Richards & Haga and Martin & Martin, for Appellant.

James F. Ailshie, Jr., and J. R. Smead, for Respondents Baldwin.

LEE, C. J.—On May 31, 1928, plaintiff and respondents, Vivian F. Baldwin and E. R. Baldwin, her husband, secured a joint, money judgment against the Singer Sewing Machine Company and one Ed. Anderson, its agent. From such judgment, the defendants jointly appealed, the only *supersedeas* bond filed being that heretofore set out in *Baldwin v. Anderson et al.*, 50 Ida. 606, 299 Pac. 341. On appeal, the judgment was reversed as to the Singer Sewing Machine Company and affirmed as to defendant Anderson, the trial court being directed to dismiss the case as against the Singer Company. Anderson having failed to pay the judgment, plaintiffs and

respondents applied to the trial court for judgment upon the *supersedeas* bond. The judgment, when entered, recited " . . . . the plaintiffs having moved the court for a judgment against the said American Surety Company of New York, a corporation, and the court being fully advised in the premises etc. Done in open court this 23rd day of June 1930."

Thereafter, on June 26, 1930, appellant Surety Company moved the court to vacate and set aside the judgment so entered, contending that the same was void for several reasons, one of which being that the judgment had been entered without any notice to either appellant Surety Company or the Singer Sewing Machine Company. The trial court subsequently granted appellant's motion, respondents appealed and on May 2, 1931, the order vacating the judgment was reversed. (*Baldwin v. Anderson,* 50 Ida. 606, 299 Pac. 341.) In that opinion, the *supersedeas* bond was set forth *in toto,* and the contentions that the incident judgment was void fully discussed, it being directly held that under C. S., sec. 7155, the judgment creditor may move for judgment against the surety on a *supersedeas* bond without giving notice.

On June 18th following, appellant moved the court to amend and correct the judgment of June 23, 1930, and to vacate and set aside the same, when so corrected and amended. The correction and amendment sought constituted striking from the body of the judgment the recitals "and the plaintiff having moved the court for a judgment, etc.," and the words, "in open court," and substituting in lieu of the latter the words "at chambers." Two grounds only were urged in the motion to vacate, viz.: that the court had no jurisdiction to enter said judgment at chambers, "it being a matter requiring judicial consideration," and that no notice of said chambers proceeding had been given appellant. This last motion having been denied, defendant Surety Company has appealed.

It is insisted that the court erred in refusing to correct the judgment, since the facts adduced at the hearing

show that no motion for judgment was ever filed in the case and that the proceedings were had and the subsequent judgment entered at chambers and not in open court. For the same reasons, it is contended that the trial judge was without jurisdiction to hear the matter or enter judgment thereon. The question of notice heretofore having been disposed of in Baldwin v. Anderson, supra, it is res judicata here and will not again be considered.

It but remains to determine whether or not a proper application for judgment was made and whether or not the subsequent proceedings including the entry of judgment were properly had. There is no merit in the contention that a formal motion must have been filed. Any application for an order is a motion. (C. S., sec. 7194, identical with Cal. Code Civ. Proc., sec. 1003.) Such motion is "usually made orally." (Williams v. Hawley, 144 Cal. 97, 77 Pac. 762, 763.) Oral motions are also recognized in jurisdictions having similar statutes. (Van Curon v. King, 93 Okl. 1, 219 Pac. 337, 338; Genardini v. Kline, 21 Ariz. 523, 190 Pac. 568, 570.)

The judgment of June 23, 1930, positively recited that a motion for judgment was made and the certificate of the trial judge made on June 23, 1931, one year later, details that respondents' counsel "stepped to the bench, court still being in session, and made a motion for judgment in favor of Vivian F. Baldwin and E. R. Baldwin and against the American Surety Company upon its supersedeas undertaking . . . . and thereupon submitted a form of judgment, together with the complete records and files in said cause, including the opinion of the Supreme Court of the State of Idaho in said case, dated April 10, 1930, and the remittitur issued pursuant thereto, also the undertaking of the American Surety Company referred to. . . . . I then told him I would consider the motion and take the matter under advisement." Several days thereafter, during the hearing, the trial judge dictated into the record substantially the same recitals. Here, is a presumption of regularity re-enforced by the judge's certificate and record state-

ment. With the burden of proof upon it, appellant Surety Company seeks to overcome all three by the introduction of court minutes that are silent, negativing neither, and affidavits of individuals not primarily participating in what occurred between court and counsel. Where the record is silent on the point in controversy, the regularity of the judgment and the truth of its recitals are, in the absence of evidence to the contrary, conclusively presumed. (*State v. Feehan*, 24 Ida. 548, 135 Pac. 59; *Ollis v. Orr*, 6 Ida. 474, 56 Pac. 162; 4 C. J. 740, par. 2670.) "The trial judge's own recollection of the facts was the equivalent of testimony." (*Cazzell v. Cazzell*, 133 Kan. 766, 3 Pac. (2d) 479, 480.)

Whether or not the judgment was signed at chambers or in open court is negligible: the signing of judgments involves no judicial consideration. That the proceeding was initiated and undertaken in open court was the fact found by the trial judge on the hearing. His finding is fully supported by presumption and evidence and must be final. (*Sullivan v. Coakley*, 205 Iowa, 225, 217 N. W. 820; *Kaufman v. Shain*, 111 Cal. 16, 52 Am. St. 139, 43 Pac. 393, 395.)

Notwithstanding that upon the instant motion the point is not before us, it has been earnestly suggested that this court should construe the *supersedeas* bond upon which the judgment of June 23, 1930, was rendered, declare that said bond on its face precludes all liability for Anderson's default, and that the trial court's judgment was void for total lack of jurisdiction of the subject matter.

The bond has heretofore been construed contrariwise by the trial court. In that court's opinion, appellant by its contract undertook, in case of partial or whole affirmance, to pay a certain judgment, not a judgment against the Singer Sewing Machine Company, not a judgment against Ed. Anderson, but the only judgment docketed in the case, to wit, a joint, indivisible judgment against them both. Appeal from the trial court's judgment based upon its interpretation of the bond was lost through lapse of time. Now, this

court is importuned, in the absence of an appeal, to review the conclusions of a trial judge and do just what it is denied he had a right to do—decide a question before him as he thought proper.

But, it is argued, there could be no question before him, because the terms of the bond are so clear and appellant's freedom from liability so plain that the trial court was without jurisdiction to examine the subject matter. Who is it whose exclusive province it is first to announce the import of a contract? An appellate court with no appeal before it or the tribunal to which the contract is submitted in the first instance? This entire matter of jurisdiction it is contended rests entirely upon the effect of the bond. We heartily agree. But the bond was not a nullity; very decidedly it meant something, but that something must be what appellant says it is. Apparently, in such an obviously translucent situation, the trial judge must not think at all. Unless he can see as appellant sees, what he sees simply does not exist. He has jurisdiction to say, "No," but none to say, "Yes." Nowhere is it suggested that, had he said, "No," his jurisdiction would have been questioned. Jurisdiction cannot be so split.

Appellant was either bound to respond for Anderson or it was not, an issue clearly cut and one to be first resolved by the only instrumentality by law provided. Had formal suit upon the bond been filed and appellant joined issue by general demurrer or answer denying all liability, could it logically be claimed there was no issue before the court?

Judgment affirmed; costs to respondents.

Givens and Varian, JJ., concur.

Petition for rehearing denied.

LEEPER, J., Dissenting.—I have come to the bench since the handing down of the opinion in *Baldwin v. Anderson*, 50 Ida. 606, 299 Pac. 341, wherein this court reversed the

order of Judge Koelsch setting aside the judgment rendered against the American Surety Company on June 23, 1930, and reinstating the judgment. In the instant proceeding we are again confronted with a direct attack upon the judgment which challenges the jurisdiction of the lower court. After a careful study of all preceding litigation, and as thorough a consideration of the fundamental principles involved as I am capable of, I have come to the conclusion that the judgment of June 23, 1930, was absolutely void for want of due process. Therefore, while not in disagreement with the majority as to certain of the minor issues involved in this immediate matter, I refuse to put myself in the position of sustaining, directly or indirectly, a judgment which I consider absolutely void.

The matter before us is the most recent of a long series of legal proceedings which have occupied the attention of the courts of this state and of the federal courts for several years last past. In order to understand the situation a brief summary of this litigation is necessary. On May 31, 1928, a judgment was entered on the verdict of a jury in favor of these plaintiffs and against the defendants Ed. Anderson and the Singer Sewing Machine Company, a corporation, in the district court of the third judicial district of the state of Idaho, in and for Ada county, for the sum of $19,500 on account of personal injuries. On appeal to this court this judgment was reversed as to the Singer Sewing Machine Company, and the case was remanded, with instructions to dismiss as to the successful appellant. (*Baldwin v. Singer Sewing Machine Co.*, 49 Ida. 231, 287 Pac. 944.) In this appeal Anderson and the Singer Sewing Machine Company joined and furnished a joint cost bond executed by the American Surety Company. The Singer Sewing Machine Company also furnished a *supersedeas* bond which purported to supersede the judgment as to it. The *remittitur* from the supreme court reversing the judgment as to the Singer Sewing Machine Company and affirming it as to Ed. Anderson was filed in the district court on May 22, 1930, and on May 24, 1930, the district court entered its judgment

in compliance therewith. On June 23d, upon application of the plaintiff and without notice or process of any kind, the district court entered judgment against the American Surety Company for the full amount of the judgment, with interest, upon the *supersedeas* bond. A motion was thereafter made by the American Surety Company to set aside and vacate the latter judgment which was granted by the district court on August 12, 1930. An appeal was taken from this order to this court and a decision rendered (Mr. Justice Budge dissenting) which reversed the order of the district court and reinstated the judgment, the *remittitur* being filed on June 3, 1931. (*Baldwin v. Anderson,* 50 Ida. 606, 299 Pac. 341.) Shortly after this, the American Surety Company filed a notice of appeal from the original judgment on the *supersedeas* bond, which appeal was dismissed by this court upon motion. (*Baldwin v. Anderson,* 51 Ida. 614, 8 Pac. (2d) 461.) On June 18, 1931, the Surety Company filed a motion to have the judgment corrected and amended, and when so corrected and amended, vacated and set aside, which motion was denied by the district court. An appeal was taken from this order, this being the matter immediately before us for decision. In the meantime the Surety Company filed an action in equity in the district court of the United States for the district of Idaho, whereby it sought to restrain the enforcement of the judgment of June 23, 1930, and from an adverse decision (*American Surety Company of New York v. Baldwin,* 51 Fed. (2d) 596) it appealed to the circuit court of appeals of the ninth circuit, where the decision of Judge Cavanah was reversed and the defendants were temporarily enjoined from enforcing the judgment. (*American Surety Company of New York v. Baldwin,* 55 Fed. (2d) 555.) The Surety Company also sued out a writ of *certiorari* to the supreme court of the United States from the decision of this court reversing the order of the district court which set aside the judgment of June 23, 1930, on the *supersedeas* bond, which has been allowed. The respondents Baldwin have likewise sued out a writ of *certiorari* to the supreme court of the United States from the decision of

the circuit court of appeals heretofore referred to, which has also been allowed. Both matters now rest with the supreme court of the United States for an ultimate decision.

Of this litigation I participated only in the decision dismissing the appeal of the Surety Company from the judgment of June 23, 1930, reported at 51 Ida. 614, 8 Pac. (2d) 461. In that matter I concurred in the majority opinion for the reason that the appeal had been filed more than a year after the judgment had been entered. To have held otherwise would have been contrary to the statute and would have disturbed settled rules of practice which, so it seemed to me, could not be avoided. In the disposal of this matter I did not attempt to pass upon any question other than the procedural one.

In substance the majority of this court held in the case reported at 50 Ida. 606, 299 Pac. 341, that the lower court had jurisdiction to construe the bond and enter judgment thereon, which judgment could only be reviewed for error by appeal, and that the order setting the same aside for lack of jurisdiction was a nullity. The order setting aside the judgment was reversed, whereby in my opinion the court erred. The lower court had jurisdiction to enter summary judgment without process only by virtue of the contract giving consent therefor, i. e., the bond. Under the rule as repeatedly announced, if a bond were executed which actually superseded a judgment affirmed upon appeal, then under the provisions of C. S., sec. 7155, and the terms of the bond, the trial court had jurisdiction to enter the summary judgment without process at the expiration of thirty days after the *remittitur* was filed. On the contrary, if the bond did not supersede that part of the judgment affirmed upon appeal, then the surety has not consented to the entry of a summary judgment against it upon the affirmed portion of the judgment, and a judgment so obtained without process is of no more validity than it would be were it rendered against a total stranger.

It would seem that, to resolve the question of jurisdiction of the person in this case, the primary inquiry must be

directed to the terms of the bond. That is to say, did the Surety Company by its contract consent that a summary judgment be entered against it without process or notice, if the judgment against Ed. Anderson was affirmed and remained unpaid for thirty days after the *remittitur* was filed in the district court? If such was its contract, then the court has jurisdiction of the person of the Surety Company by reason of its consent. If such was not its contract, then the court had no jurisdiction to enter judgment without due process, and any judgment so entered is unconstitutional and void. By refusing to consider the bond, this court did in its previous decision fail and refuse to pass upon the question of the jurisdiction of the person of the Surety Company, and also denied to the lower court the right to set aside a judgment rendered without jurisdiction of the person.

That the judgment was entered without jurisdiction of the person seems clear. I concur in the conclusion reached by Mr. Justice Budge in his dissenting opinion to the effect that the bond shows upon its face that it was given to stay execution upon the judgment entered against the Singer Sewing Machine Company and none other. Obviously it was not given to stay execution of the judgment against Ed. Anderson, this conclusion not only appearing from the face of the bond, but also from the appellate record now before us. Therefore, since the Surety Company never consented to the entry of the summary judgment on account of the liability of Ed. Anderson, the judgment is void. Upon this very ground, enforcement of this judgment has been restrained by the circuit court of appeals of the ninth circuit in *American Surety Company of New York v. Baldwin,* 55 Fed. (2d) 555. It is difficult to see how the rule can well be avoided if accord be had with that expressed in *National Exchange Bank v. Wiley,* 195 U. S. 257, 25 Sup. Ct. 70, 49 L. ed. 184. See, also, *Sidwell v. First Nat. Bank,* 76 Colo. 547, 233 Pac. 153, and *Sproul v. Monteith,* 66 Colo. 541, 185 Pac. 270.

The matter of waiver of process was not adjudicated or decided in the previous opinion. The majority opinion contains the bare statement that the lower court had jurisdiction of the parties, but the court expressly refused to construe the bond to determine whether or not the Surety Company had waived process and consented to the entry of an *ex parte* judgment, based upon an affirmance against Anderson. The decision leaves this vital and controlling question totally undisposed of by this court. Faced with another attack upon the jurisdiction of the lower court, it would seem that the law of the case as previously announced should not preclude this court from passing upon the question, expressly omitted from the former decision. (*Hunter v. Porter*, 10 Ida. 86, 77 Pac. 434; *Weil v. Defenbach*, 36 Ida. 37, 208 Pac. 1025; *McCornick & Co. v. Tolmie Bros.*, 46 Ida. 544, 269 Pac. 96.)

While this immediate attack is based upon certain technical grounds, nevertheless it presents a direct assault upon a judgment which is palpably void. Under such circumstances, and where not precluded by a necessary application of the law of the case, it is the duty of the appellate court to take note of the lack of the jurisdiction of the lower court, no matter how knowledge thereof comes to its attention. The record before us is complete to establish the fact that the trial court had no jurisdiction of the person of the Surety Company, a fact that was recognized by the trial judge in the first instance when he vacated the judgment. The present motion to dismiss should be sustained, upon the ground that the judgment is void for lack of due process. Otherwise this court is again placed in the position of sustaining a void judgment, contrary to the general rule.

"A judgment which the court had no authority to render must be reversed on appeal, regardless of the manner in which the higher court is informed of the lack of jurisdiction; that is, a reversal must follow not only where the record plainly shows a loss of jurisdiction but also, in some jurisdictions, where the record does not affirmatively show

jurisdiction; and an appellate court may of its own motion reverse a judgment rendered by a court without jurisdiction. The rule requiring reversals for lack of jurisdiction applies not only to lack of jurisdiction of the subject matter but also to lack of jurisdiction of a person or corporation against whom the judgment was rendered, as well as in cases where there was a failure to acquire jurisdiction over a necessary and indispensable party, even where such person is not a party to the appeal and the objection is taken by others." (4 C. J. 1162, sec. 3179.)

I cannot agree with certain statements of law enunciated in the prior opinion, which have become the law of this case by reason of their inclusion in that opinion. The court makes this unequivocal statement: "Whether it (the lower court) decided *right* or *wrong* its decision was a judgment which could be reviewed for error, if there was error, only by this court on appeal." I respectfully contend that this is not the law. C. S., sec. 7155, provides for the entry of a summary judgment, without notice. There is no statutory provision for an appeal from this judgment, and in my opinion it was never intended by the legislature that, when rightly entered, it should be subject to review by appeal. The theory of the law is that the liability of the surety has been established in the main suit, and that the surety has consented to the imposition of the judgment. The court has jurisdiction to enter judgment in accord with the consent, and none other, and any such judgment so entered is not subject to appeal, because it is a consent judgment. (*People v. Pacific Indemnity Co.,* 114 Cal. App. 563, 300 Pac. 46; *People v. Hodges et al.,* 205 Cal. 476, 271 Pac. 897; *People v. Aymar et al.,* 98 Cal. App. 1, 276 Pac. 595.)

The judgment is summary and *ex parte,* without notice or process. Ordinarily such judgments are not appealable. "The general rule is that decisions on motions or summary applications cannot be thrown into the shape of records and become the subject of revision in any other court by appeal or writ of error." (3 C. J. 609, sec. 455.)

It appears to me that the Surety Company proceeded correctly in the first instance to secure relief from this judgment entered summarily outside of its consent. That is to say, it appeared before the court which rendered the judgment, made its showing and that court set aside the judgment for lack of jurisdiction.

"The general rule is that no appeal lies from an *ex parte* judgment or order, the proper remedy being to apply to the court to have such judgment or order set aside and then, if the application is denied, to take an appeal from the denial." (3 C. J. 608, sec. 454.)

The basis of such a rule is well expressed by the supreme court of Washington in *Wilson v. Martin,* 43 Wash. 95, 10 Ann. Cas. 37, 86 Pac. 205:

" 'That appeals will lie from such *ex parte* orders is opposed to the obvious reason upon which all purely appellate proceedings must be supposed to rest, namely, the necessity of an appeal to correct the error supposed to have been committed. The law attaches much importance to the hearing of both the interested parties, not only as a matter of right to them, but as an aid to the courts in the determination of matters brought before them. It is ordinarily to be supposed that a court, which may have acted inconsiderately or erroneously upon a one-sided application, would perceive and correct its error if the adverse party were heard. An examination of many decisions in this court shows that the general language of the statute declaring the right of appeal has been construed in a limited sense, where there has been no real consideration in the court below of the matter in question, with opportunity for the interested party to be heard, and when it is to be presumed that upon hearing and consideration the court would correct any error which it may have committed.' "

In thus absolutely denying the power of a lower court to vacate and set aside an *ex parte* judgment, this court has imputed to such a judgment a sanctity which does not adhere to any other. Under the provisions of C. S., sec. 6726, as amended by Sess. Laws 1921, chap. 235, p. 526,

the court has the power to relieve a party from any judgment for mistake, inadvertence, surprise or excusable neglect during the term or within six months thereafter. This court has repeatedly upheld and sustained the power of the lower court to grant relief under this statute.

This court has also expressly affirmed the general rule that relief should be had under this statute, when a consent judgment has not been taken in accord with the stipulation. "If advantage was taken of defendant in entering judgment too soon, or contrary to the terms of the stipulation, the defendant might have it corrected in the court below under section 68 of the Code of Civil Procedure." (*Grete v. Knott*, 2 Ida. 13, 3 Pac. 25.) Proceedings authorized by this statute exist concurrently with the right of appeal. (*Miller v. Prout*, 32 Ida. 728, 186 Pac. 948. See, also, *Sidwell v. First National Bank, supra*, and *Sproul v. Monteith, supra*.)

It has been repeatedly held in this court that void judgments may be set aside by the lower court, and that this is the proper procedure. (*Leonard v. Brady*, 27 Ida. 75, 147 Pac. 286; *Gile v. Wood*, 32 Ida. 752, 188 Pac. 36; *Vincent v. Black*, 30 Ida. 636, 166 Pac. 923.) Nor does the time limit apply if the judgment is void and such fact appears from the judgment-roll. (*Kerns v. McAulay*, 8 Ida. 558, 69 Pac. 539; *Miller v. Prout, supra; Kerns v. Morgan*, 11 Ida. 572, 83 Pac. 954; *Shumake v. Shumake*, 17 Ida. 649, 107 Pac. 42; *Vane v. Jones*, 13 Ida. 21, 88 Pac. 1058; *Nixon v. Tongren*, 33 Ida. 287, 193 Pac. 731; *Rice v. Rice*, 46 Ida. 418, 267 Pac. 1076; *Backman v. Douglas*, 46 Ida. 671, 270 Pac. 618.)

This judgment is not based upon a judgment-roll, in the ordinary understanding of that term (C. S., sec. 6901), but is entered *ex parte*, without pleadings, evidence or notice. The only record is the bond itself, together with the records and files of the main action, and the lack of jurisdiction appears from this record. The rule announced seems to be a direct denial of statutory rights accorded all other forms of judgments by this court, as well as an imputation of

sanctity not accorded to any other, even one entered after a contested proceeding. The cases cited in the previous opinion to sustain the rule announced, to wit: *Bunnell & Eno etc. Co. v. Curtis*, 5 Ida. 652, 51 Pac. 767, *Taylor v. Hulett*, 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535, *Wyllie v. Kent*, 28 Ida. 16, 152 Pac. 194, and *United States National Bank v. Eldredge*, 49 Ida. 363, 288 Pac. 416, involve judgments entered after contest and after jurisdiction of the person had been obtained, and in such case a reason for the rule announced is apparent. The court seems to move upon the assumption that the lower court had jurisdiction to enter a wrong, as well as a right, judgment. In contested matters, with jurisdiction of the person, this may be true under certain circumstances. It certainly is not so, where the jurisdiction depends upon pre-existing consent, and the judgment is summary and is taken without notice or process of any kind. In such event the court had jurisdiction to enter a right judgment, one strictly within the terms of the consent given. Any other judgment is, of course, without due process. It is highly illogical to attempt to apply such a rule to this summary judgment, deny to the lower court the right to correct his mistaken assumption of jurisdiction, and deny to this court the right to pass upon his act in concluding that he was without jurisdiction. "A summary judgment on motion may be opened or vacated for good cause shown." (34 C. J. 420, sec. 672.)

It would appear to be the rule in California that, even though a consent judgment is not appealable, one which is not entered in accordance with the consent is appealable. (*People v. Aymar, supra.*) Whether this would apply in this state is questionable in view of the holding in *Levan v. Richards*, 4 Ida. 667, 43 Pac. 574, to the effect that an appeal does not lie from a void judgment but that a writ of review is the proper remedy. Conceding, however, that an appeal would lie if this judgment were wrongfully entered, certainly that fact cannot deprive the lower court of the right to vacate or correct his *ex parte* judgments or orders for the same reason. (*Miller v. Prout, supra.*) In

considering the rule announced by the majority, it may well be asked, of what avail would an appeal be to give relief if the aggrieved party cannot make a record by motion in the court below? And if appeal be the only remedy, what assurance is there that the surety defendant will have notice of the judgment within the appeal period?

Another statement in the opinion with which I cannot coincide is: "We may consider it (the bond) only in so far as to determine whether its wording is such that it affords *color of legal right* in appellant to judgment. That is to say, whether appellant's motion presented a legitimate question and was not an imposition or fraud upon the court." (Italics mine.) Certainly this is not so. Jurisdiction is not based upon "color of legal right." The lower court either did or did not have jurisdiction of the person of this surety. If the judgment was entered in accord with the consent given it was final and not appealable. If it was not entered in accord with the consent, it was void and in contravention of the process clause. The extent of this consent can only be determined from the bond, and the lower court did determine that the judgment was outside of the consent given and therefore void. I cannot agree that this court had any right whatsoever to ignore the specific controversy, upon appeal, reinstate the judgment long after the appeal time had passed, and thus deprive the surety of remedies which precedent had apparently granted to it. It seems to me that the court in so doing has not appreciated the background of precedent and authority which to my mind would have rendered a contrary decision imperative in the first instance.

Even if there were no escape from the application of the doctrine of "the law of the case" as announced in *People v. Lindsay*, 1 Ida. 394, and *Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608, I doubt that I would adhere in this case to that rule in its full vigor, were I presenting a majority opinion, convinced as I am that a great injustice has been done the Surety Company on account of an erroneous decision. There is strong and convincing authority otherwise

(*McGovern v. Kraus*, 200 Wis. 64, 227 N. W. 300, 67 A. L. R. 1381 (see note, beginning at page 1390) ; *Johnson v. Cadillac Motor Car Co.*, 261 Fed. 878, 8 A. L. R. 1023 (see note, beginning at page 1033). See, also, note in 1 A. L. R. 1267), and it must be borne in mind that, after all, we are here primarily to administer justice, not merely to referee legal joustings.

Budge, J., adheres to his original dissenting opinion in the previous case found at 50 Ida. 606, 299 Pac. 341, and concurs in the conclusions of the dissenting opinion of Leeper, J.