

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00089-CR

———————————————

BRODRICK EARL ROSS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1484823D

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

After the State agreed to drop a capital-murder charge (Count One) in exchange for appellant Brodrick Earl Ross's open guilty plea to murder, Ross entered an open plea to a first-degree murder charge (Count Two). The trial court then found him guilty of first-degree murder and sentenced him to 25 years in prison. *See* Tex. Penal Code Ann. § 19.02(c). Ross attempts to appeal from that conviction.

After reviewing the record in this case, we determined that the State's agreement to waive Count One in exchange for Ross's open guilty plea to Count Two was a charge bargain, which qualifies as a plea bargain subject to Texas Rule of Appellate Procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.). Although this case is a plea-bargain case, the trial court's certification of Ross's right to appeal stated that this case "is not a plea-bargain case, and the defendant has the right of appeal."[1] We thus notified the parties and the trial-court judge on October 8, 2021, that the certification appeared to be defective

---

[1]It appears from the reporter's record that there was some confusion about the charge bargain's effect on Ross's right to appeal. At the end of the sentencing hearing, the trial court informed Ross that "this was not a plea bargain case, which basically means you have a right to appeal. It's a limited right since you've pled guilty to [murder]."

because it did not accurately reflect the record, and we requested an amended certification from the trial court.[2] *See* Tex. R. App. P. 25.2(d), (e), 37.1.

On October 11, 2021, the trial court signed an amended certification stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Shortly after the trial court signed the amended certification, Ross moved the trial court to amend it to reflect that the case "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." *See* Tex. R. App. P. 25.2(a)(2)(B). The trial court signed an order on Ross's motion that, on its face, both granted and denied Ross's request for permission to appeal, and thus rendered the trial court's amended certification ambiguous.[3]

Not yet realizing that the amended certification was ambiguous, we notified the parties that we had received the trial court's amended certification and warned them that we might dismiss the appeal unless Ross or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App.

---

[2]In addition to the charge-bargain issue, we pointed out that Ross had "signed written waivers in which he waived any and all rights of appeal in this case."

[3]The substance of the trial court's typewritten order states "that the Motion [to amend the trial court's amended certification] be GRANTED." The order further states that "[t]he trial court hereby files a subsequent Trial Court's Certification of Defendant's Right of Appeal stating that the case 'is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right to appeal.'" But the trial court did not, in fact, file a "subsequent Trial Court's Certification" reflecting that it "ha[d] given permission to appeal." And although the trial court signed the order, the court handwrote the word "[d]enied" just above the signature line.

P. 25.2(a)(2), (d), 44.3. In response, Ross filed a "Motion to Continue Appeal, Motion to Strike Certification[,] and Response to Court's Intent to Dismiss Appeal."

Shortly after Ross filed his motion, we recognized that we were faced with an ambiguous record regarding Ross's right to appeal and thus abated the appeal and remanded the case to the trial court "for entry of a second amended certification clearly and unambiguously reflecting whether [Ross] has the right to appeal." On January 24, 2022, the trial court signed a second amended certification, which, like its first amended certification, stated that this "is a plea-bargain case, and the defendant has NO right of appeal." On March 29, 2022, we received a copy of the second amended certification signed by Ross, and we reinstated the appeal.[4]

Because the trial court's second amended certification is substantively identical to its first amended certification, we apply the arguments Ross makes in his "Motion to Continue Appeal, Motion to Strike Certification[,] and Response to Court's Intent to Dismiss Appeal" to the second amended certification.[5] In his motion, Ross urges us to continue the appeal because the trial court should have given him permission to appeal; because "[i]t would be equitable and just to allow [him] to have the case examined" before he is required to serve his 25-year sentence since "at best" Ross was "a party to the offense of murder and was not personally responsible for its

---

[4]Although Ross signed the second amended certification, he did not indicate whether he had received a copy of the certification or whether the trial court had informed him of the certification and that he had waived his right to a copy.

[5]We overrule those arguments as moot as to the first amended certification.

4

commission"; and because allowing him "the right to appeal this lengthy sentence would promote the due administration of justice in this case." For these reasons, Ross also asks us to strike the second amended certification under Rule of Appellate Procedure 25.2(f)—which provides that an amended certification can be "struck for cause on the motion of any party affected by" the amended certification—and to allow him to proceed under the trial court's original certification. Tex. R. App. P. 25.2(f).

Ross's arguments do not provide a valid basis for continuing this appeal because this case does not fit any of the recognized bases for a plea-bargain appeal: (1) "those matters that were raised by written motion filed and ruled on before trial," (2) "after getting the trial court's permission to appeal," and (3) "where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. And we decline to strike the trial court's second amended certification.

Accordingly, consistent with the trial court's second amended certification, we dismiss the appeal. *See* Tex. R. App. P. 43.2(f).

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 5, 2022