# UNITED SURETY COMPANY *v.* AMERICAN FRUIT PRODUCT COMPANY.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 203. Submitted May 12, 1915.—Decided June 14, 1915.

The right given to this court by the sixth clause of § 250, Judicial Code, to reëxamine the judgment of the Court of Appeals of the District of Columbia in cases in which the construction of any law of the United States is drawn in question by the defendant, is confined to the construction of laws of general application throughout the United States, and does not include laws local in their application to the District of Columbia. *American Security & Trust Co.* v. *District of Columbia,* 224 U. S. 491.

*Quære,* whether under the third clause of § 250, Judicial Code, this court may not examine the judgment of the Court of Appeals of the District of Columbia where the constitutionality of a statute of the United States, whether general or local to the District, is involved.

Sections 454 and 455 of the District Code are not unconstitutional because they provide that a surety, by executing the undertaking to release property attached, is bound by the judgment against the principal, although it has no right to be heard, whether the value of the property released be fixed by appraisal or by the court. *Beall* v. *New Mexico,* 16 Wall. 535.

A constitutional question that has no real foundation cannot be put forward as a mere pretext to open other questions that otherwise could not come before this court. *Goodrich* v. *Ferris,* 214 U. S. 71.

Writ of error to review 40 App. D. C. 239, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the Court of Appeals of the District of Columbia under § 250, Judicial Code, are stated in the opinion.

*Mr. Wade H. Ellis, Mr. R. Golden Donaldson, Mr. Charles Cowles Tucker* and *Mr. Abner H. Ferguson* for plaintiff in error.

*Mr. George E. Hamilton, Mr. John W. Yerkes* and *Mr. John J. Hamilton* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit originally brought by the defendant in error against the Semmes-Kelly Company in the Supreme Court of the District to recover $10,596.45 for goods sold. There was an attachment of a stock of goods that were worth much more than the judgment finally recovered, but never were formally appraised, and the next day the plaintiff in error as surety to the Semmes-Kelly Company signed an undertaking to release the property attached, in the form provided in the District Code, § 454. By that instrument it in terms submitted to the jurisdiction of the court and undertook 'to abide by and perform the judgment of the court in the premises in relation to said property, which judgment may be rendered against all the parties whose names are hereto subscribed.' By § 455 if the judgment goes for the plaintiff 'it shall be a joint judgment against both the defendant and his surety or sureties in said undertaking for the appraised value of the property.' After a second trial, judgment was entered against the Semmes-Kelly Company and the plaintiff in error for $9,937.90, that sum being found to be far less than the value of the property, as we have said. 40 App. D. C. 239.

The jurisdiction of this court is invoked upon a contention that the above §§ 454 and 455 as applied deprive the plaintiff of its property without due process of law. In *American Security & Trust Co. v. District of Columbia,* 224 U. S. 491, it was held that the right to reëxamine a judgment of the Court of Appeals given by the Judicial Code, § 250, 'Sixth. In cases in which the construction of any law of the United States is drawn in question by the defendant,' was confined to the construction of laws having general application throughout the United States. But

in the same case it was left open whether the third clause, 'Cases involving . . . the constitutionality of any law of the United States,' did not have a wider meaning, and that suggestion is relied upon for the present attack upon the two sections of the District Code.

There is no occasion to discuss it in this case. That a man may contract to be bound by a judgment in which he has no right to be heard and that a statute may authorize him to make himself a party to such a judgment was decided, if it needed a decision, in *Beall* v. *New Mexico*, 16 Wall. 535. It is argued that there is a difference if the value of the property is not appraised but fixed by the court. But there is nothing to hinder a man from assenting to that as well as to the rest if the statute permits it. The suggestion that there is a constitutional difficulty has no foundation. It is true that the section of the Code speaks only of appraised value, but if by a reasonable construction appraisal is held to be a superfluous form when there is no question that the property attached is worth much more than the judgment, the omission must be taken to have been contemplated by the surety when he signed. The constitutional point is a mere pretext put forward in order to open other questions that otherwise could not come here. That pretext is not allowed to succeed, *Goodrich* v. *Ferris*, 214 U. S. 71, 79, and therefore we shall not deal with the attempt to obtain a reversal of the decision upon a construction of the local statute by the local court, not so manifestly absurd as to extend the surety's liability in a way that could not have been foreseen, or matters of local practice, such as holding that when the first verdict against the Semmes-Kelly Company and a joint judgment were set aside and the case put on the trial calendar, on the motion of the plaintiff in error, 'as against' it, the whole judgment was annulled.

*Writ of error dismissed.*