(October 7, 1915.)

GEORGE P. WYLLIE, Appellant, v. W. W. KENT, Water-master, et al., Respondents.

[152 Pac. 194.]

JUDGMENTS AND DECREES—CLERICAL MISTAKES AND ERRORS THEREIN—AMENDMENTS AND CORRECTIONS.

1. Where, through mistake, there has been a failure to enter the judgment pronounced, the court has power to correct the matter and to order the proper entry made. Clerical mistakes can be corrected in this manner, but judicial errors can only be remedied by motion for a new trial or upon appeal.

[As to amendment of judgment or record, see notes in 62 Am. St. 233; Ann. Cas. 1914A, 605. As to amendment by *nunc pro tunc* order, see note in Ann. Cas. 1915A, 522.]

APPEAL from the District Court of the Sixth Judicial District for Custer County. Hon. J. M. Stevens, Judge.

Suit to procure summary adjudication of water rights. Amended decree entered. *Reversed.*

Hansbrough & Gagon, for Appellant.

The power of a court to amend its own record is limited to such changes or corrections as are in affirmance of the judgment originally entered; and where the judgment expresses the entire judicial action taken at the time of its rendition, the court has no authority to enlarge or diminish it, to make a change or modification in matter of substance, or under the guise of amendment to review the case and render a different judgment. (23 Cyc. 868; *Council Imp. Co. v. Draper*, 16 Ida. 541, 102 Pac. 7; *Browder v. Faulkner*, 82 Ala. 257, 3 So. 30; *Gibson v. Wilson*, 18 Ala. 63; *De Castro v. Richardson*, 25 Cal. 49; *Morrison v. Dapman*, 3 Cal. 255; *In re Potter Estate*, 141 Cal. 424, 75 Pac. 850.)

Generally on amendment of record to cure defect for which motion in arrest has been made, see note in 67 L. R. A. 179.

A judgment therefore cannot be amended so as to vary the rights of the parties as fixed by the original decision. (23 Cyc. 969; *Heath v. New York Bldg. Loan Banking Co.,* 146 N. Y. 260, 40 N. E. 770.)

The object of entering judgments and decrees of some previous date is to supply matters of evidence and to rectify clerical misprisions, and not to enable the court to correct judicial errors. If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy such errors by ordering an amendment *nunc pro tunc* of a proper judgment. (Freeman on Judgment, secs. 61–68; *In re Skerrett's Estate,* 80 Cal. 62, 22 Pac. 85; *Leonis v. Leffingwell,* 126 Cal. 369, 58 Pac. 940; *Cowdery v. London etc. Bank,* 139 Cal. 298, 96 Am. St. 115, 73 Pac. 196; *In re Potter Estate,* 141 Cal. 424, 75 Pac. 850.)

It is clear in this case that the court's modification of the judgment was an attempt to correct what the court considered a judicial error, and this is not permissible under the law, as judicial error can be remedied only through motion for a new trial or on appeal. (*Egan v. Egan,* 90 Cal. 15, 27 Pac. 22; *O'Brien v. O'Brien,* 124 Cal. 422, 57 Pac. 225; *Canadian etc. Trust Co. v. Clarita Land etc. Co.,* 140 Cal. 672, 74 Pac. 301.) Court has no power, after entry of judgment, to correct judicial omissions or mistakes. (*First Nat. Bank v. Dusy,* 110 Cal. 69, 42 Pac. 476; *Byrne v. Hoag,* 116 Cal. 1, 47 Pac. 775.)

Higgins & Ambrose and Chase A. Clark, for Respondents.

As to the right of the court to modify and change the findings of fact, conclusions of law and judgment: *Wilcox v. Wells,* 5 Ida. 786, 51 Pac. 985; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Ward v. Clay,* 82 Cal. 502, 23 Pac. 50, 227.

"It is within the discretion of the court, by resetting a judgment, to correct errors therein caused by inadvertence." (*Granite State Provident Assn. v. McHugh,* 88 Hun, 617, 34 N. Y. Supp. 341.)

Unless the discretion of the court can be shown to have been abused, the action of the court in modifying and amending a judgment signed through mistake and inadvertence is not error, especially when, as in this case, the transcript of evidence supports the final judgment of the court. (*Murphy v. Russell & Co.*, 8 Ida. 133, 67 Pac. 421; *Nicoll v. Weldon*, 130 Cal. 666, 63 Pac. 63.)

MORGAN, J.—This action was commenced by appellant pursuant to the provisions of chap. 224, Sess. Laws 1911 (p. 708), authorizing the summary adjudication of such water rights as have been omitted from a decree determining the priority of rights to the use of water.

The respondent, Kent, is the water-master who has charge of the distribution of the waters in controversy. He appeared in the action by general demurrer and thereafter defaulted. In response to the published notice provided for by said chap. 224, the respondents, Alta M. Rockwell and C. C. Rockwell, her husband, appeared and filed their answer and cross-complaint, which was answered by appellant.

The case was commenced in Custer county and was, by stipulation of the parties, transferred to Bingham county, where it was tried by the court without a jury.

On August 2, 1913, the court filed its findings, wherein it found, among other facts, that appellant is the owner of the west half of the southeast quarter and the south half of the southwest quarter, section 28, township 7 N., R. 25 E., B. M., in Custer county, Idaho; that the land is arid, and that for the purpose of irrigating it appellant's predecessor in interest appropriated all, or about 80 inches or its equivalent in cubic-feet per second of time, of the water of what is known as Junction Springs creek or Jensen Springs creek (sometimes called by either name and which will hereafter be referred to as Junction Springs creek), and constructed ditches therefrom to and upon his land for the irrigation thereof; that ever since that time appellant and his predecessor in interest have continued to use the entire flow of

the stream for the irrigation of his land, except in the year 1912, when hindered and deprived of the use of a portion thereof by respondents; that a greater portion of appellant's land is of a porous and gravelly nature and requires two inches of water per acre to properly irrigate it; that about 90 acres thereof can be irrigated from no other source of supply than the stream in question, and that appellant and his predecessor have never had sufficient water by the use of practically all of the available supply to irrigate the 90 acres aforesaid; that appellant and his predecessor in interest in about the year 1900, for the better irrigation of his land, built a small reservoir, and that he is the owner and entitled to the use and control thereof as against the respondents and all other persons, and that the respondents, nor either of them, have any interest therein.

The court further found that the waters of Junction Springs creek and of Big Lost river were decreed by the district court in the March, 1902, term thereof, in the case of *S. T. Moe et al. v. Henry Harger et al.,* and that there was decreed to the grantor of appellant from Big Lost river the use of 100 inches of water for the irrigation of a portion of his land, and by inadvertence and mistake the use of only 40 inches of the flow of said creek, instead of the entire flow thereof consisting of about 80 inches of water, was decreed to him; that appellant and his predecessor in interest have ever since the date of the decree down to the year 1912, continued to use the whole flow of the creek for the irrigation of his land, and that all of it is absolutely necessary for that purpose, and appellant's right to the use of 80 inches of water therefrom is prior and superior to the rights of respondents, or either of them.

The court further found that the respondent, Alta M. Rockwell, is the owner, subject to the paramount title of the United States, of the northeast quarter of section 28, township 7 N., R. 25 E., B. M., in Custer county, Idaho; that her land is arid and that for the purpose of irrigating the same her predecessor in interest filed in the office of the state engineer an application for a permit to appropriate the waters

of said creek; that the permit was allowed with date of priority of April 27, 1910, and that under and by virtue thereof, she is entitled to the use of the flow of the waters of the creek up to the amount of her appropriation, to wit, 160 inches thereof, or its equivalent in cubic-feet per second of time, after appellant has received 40 inches in addition to the 40 inches already decreed in case of *Moe et al. v. Harger et al.*, in all 80 inches of water, appellant's right being prior and superior to the right of the respondent, Alta M. Rockwell.

The conclusions of law and decree followed the findings of fact and awarded to appellant the use of 40 inches of water of Junction Springs creek, being 40 inches in addition to that theretofore decreed to him, or 80 inches in all. The appellant was also decreed to be the absolute owner of and entitled to the possession of the reservoir mentioned in the findings of fact, and respondents were perpetually enjoined from in any manner interfering with appellant's right to the use of the water or to the use and enjoyment and ownership of the reservoir.

The respondent, Alta M. Rockwell, was decreed a right to the use of the flow of all the flood waters of the stream for the irrigation of her land up to 160 inches, after appellant has received the waters decreed to him, respondent's right to any water being subsequent and inferior to the right of appellant.

On September 15, 1913, respondents filed a motion to modify and amend the judgment and decree and findings of fact and conclusions of law, alleging that errors had inadvertently been made therein; after a hearing the court, on January 21, 1914, made an order granting the motion and made and filed amended findings of fact, conclusions of law and decree differing from those formerly made and filed in the following important particulars:

In the modified findings it is found that appellant's land requires one inch of water per acre for the proper irrigation thereof; that at the time of the decree in case of *Moe et al. v. Harger et al.*, awarding to appellant's predecessor in interest

the use of 40 inches of the waters of Junction Springs creek, appellant's predecessor in interest had 50 acres of land under cultivation which was irrigated from the creek and that no land in addition thereto has since been cultivated; that the creek flows, in the irrigation season, about 220 inches of water, since having been cleaned out and increased by the respondent, Alta M. Rockwell; that since the date of the decree aforesaid the appellant and his predecessor in interest have, down to the year 1912, continued to use 60 inches of the flow of the creek which is now absolutely necessary for the irrigation of his land, and that the right to the use thereof is prior in time and superior to the right of the respondents. That the respondent, Alta M. Rockwell, is entitled to the use of the flow of the waters of the stream up to 160 inches, after the appellant has received 20 inches of the flow thereof in addition to the 40 inches already decreed, or 60 inches of water in all.

The amended conclusions of law and decree follow the amended findings of fact and award to appellant the prior right to the use of 60 inches, and to respondent, Alta M. Rockwell, is awarded a right, subsequent to that of appellant, to the use of 160 inches of the waters of the stream. In the amended findings of fact, conclusions of law and decree no disposition is made of the reservoir.

From the order of the court amending the decree and from the decree so amended this appeal is taken.

It is a well-established rule that where, through mistake, there has been a failure to enter the judgment pronounced, the court has power to correct the matter and to order the proper entry made. Clerical mistakes can be corrected in this manner, but judicial errors can only be remedied by motion for a new trial or upon appeal. (23 Cyc. 866; *Egan v. Egan,* 90 Cal. 15, 27 Pac. 22.)

While it is recited by way of preface to the amended findings of fact, conclusions of law and decree, that the court had, on the 30th day of July, 1913, through inadvertence and mistake rendered its findings of fact and conclusions of law and ordered that judgment be entered accordingly, no ex-

planation is made in the record as to how the mistakes occurred.

The discrepancies between the original and amended findings, conclusions and decrees are so many and so broad, we are unable, in the absence of a showing explaining them, to determine that the recitals in the original documents, wherein they fail to coincide with those subsequently made, were mere clerical mistakes, and that the amendments were not the result of an effort on the part of the trial judge to correct what he deemed to be judicial errors. No assistance is to be had from the transcript of the testimony, since the evidence is very contradictory and might be held to support either the original or amended decree.

In view of the condition of this record, we have concluded to remand this case to the district court for a trial *de novo* and to award no costs upon appeal.

The judgment and order appealed from are reversed and a new trial granted. No costs awarded.

Sullivan, C. J., and Budge, J., concur.