Points Decided.

(November 17, 1920.)

## W. E. NIXON, Administrator With the Will Annexed of the Estate of JOHN TONGREN, Deceased, Appellant, v. EMMA TONGREN, Respondent.

[193 Pac. 731.]

JUDGMENT—VACATION—MOTION FOR—TIME—JURISDICTION—JUDGMENT-ROLL.

1. The district court is without jurisdiction to entertain a motion to vacate a judgment upon any of the statutory grounds, unless the motion is made within the time limited by the statute.

2. The district court may at any time vacate or set aside its judgment previously entered when it is apparent from the face of the judgment-roll that such judgment is void.

3. When the district court has lost its jurisdiction to entertain a motion to vacate its judgment, it is without jurisdiction to set its judgment aside unless from the face of the judgment-roll it is void, except where an independent action has been brought for that purpose.

4. Under C. S., sec. 6901, in case the complaint be not answered by the defendant, the judgment-roll consists of the summons with the affidavit of proof of service, the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered and a copy of the judgment. Under this statute neither the affidavit for nor the order of publication is a part of the judgment-roll.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County, Hon. William A. Babcock, Judge.

Action for divorce. Appeal from an order made after judgment declaring the judgment and decree null and void. *Reversed.*

1. Duration of power of court to open or vacate judgment, see note in 52 Am. St. 795.

H. C. Hazel, for Appellant.

"In a collateral attack on the judgment, the want of jurisdiction to render the judgment must appear upon the face of the judgment-roll, otherwise the presumption is in favor of the validity of the judgment." (*O'Neill v. Potvin*, 13 Ida. 721, 93 Pac. 20.)

The court had jurisdiction of both the person and subject matter, and therefore any relief sought from a judgment should be applied for within the statutory time. (*Vane v. Jones*, 13 Ida. 21, 88 Pac. 1058.)

"Want of jurisdiction in the court passing it is the only cause which renders a decree of divorce absolutely void; fraud does not, nor does irregularity." (5 Am. & Eng. Ency. Law, 843; *Larimer v. Knoyle*, 43 Kan. 338, 23 Pac. 487.)

H. J. Swanson and H. B. Thompson, for Respondent.

Where an affidavit upon which an order for service of summons by publication is procured is false, the judgment is void. (*Strode v. Strode*, 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161; *Lohr v. Curley*, 27 Ida. 739, 152 Pac. 185.)

BUDGE, J.—On the twenty-sixth day of October, 1915, a judgment was entered in the district court for Twin Falls county in an action wherein John Tongren, now deceased, was plaintiff, and the respondent, Emma Tongren, defendant, dissolving the bonds of matrimony between the parties on the ground of desertion. From the judgment-roll it appears that the service of summons purports to have been by publication. On the twenty-third day of March, 1918, respondent filed a motion in that action wherein she sought to have appellant Nixon as administrator with the will annexed of the estate of John Tongren, deceased, substituted as party plaintiff, and asked for an order declaring the judgment decreeing divorce void; for the reason that she had not been served in the manner prescribed by statute, and that the court had never ac-

quired jurisdiction, and further asking that the default be set aside and that she be permitted to file her answer. On the twenty-seventh day of June, 1918, and after a hearing upon the motion, the court made an order substituting appellant as plaintiff in the action, declaring the judgment decreeing the divorce void, setting aside the default and permitting respondent to file her answer. This appeal is from the order.

The only assignment discussed is that the court erred in sustaining the motion for an order declaring void the judgment decreeing the divorce. It is apparent that the motion which was made by respondent in the original action was not made until two years and five months after the judgment had been entered. C. S., sec. 6726, which defines the power of the court to permit amendments, relieve from defaults, and vacate default judgments, contains among others the following provision:

"When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

Under this provision the court was without jurisdiction to entertain a motion to vacate the judgment for the obvious reason that the motion was not made within the time limited by this statute. (*People v. Temple,* 103 Cal. 447, 37 Pac. 414; *People v. Davis,* 143 Cal. 673, 77 Pac. 651.) In the Temple case, the court not only announced the rule applicable to the case at bar, but pointed to the way out of the difficulty in the following language:

"When a judgment is not void upon its face, the court has no power to set it aside on motion, unless the motion is made within a reasonable time, but resort should be had to an action, and all the parties interested should be notified and have an opportunity to be heard."

The court, therefore, was without jurisdiction to vacate or set aside the judgment previously entered, unless from the face of the judgment-roll it was void.

C. S., sec. 6901, provides, in so far as its provisions are applicable to the point under discussion, that in case the complaint be not answered by the defendant, the judgment-roll shall consist of the summons with the affidavit or proof of service, the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment. Under this section this court held in *O'Neill v. Potvin*, 13 Ida. 721, 93 Pac. 20, 257, following the rule announced in *Hahn v. Kelly*, 34 Cal. 391, 94 Am. Dec. 742, that neither the affidavit for the order of publication, nor the order was a part of the judgment-roll, in effect thereby overruling upon this point *Strode v. Strode*, 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161, relied upon by respondent. See, also, *People v. Temple*, and *People v. Davis*, *supra*. In the O'Neill case Chief Justice Ailshie, in his concurring opinion, expressed the hope that the legislature would amend the statute so as to specifically require the affidavit and order for publication to be made a part of the judgment-roll, but so far the legislature of this state has made no such amendment. The California statute, however, has been amended by adding thereto the provision, "And in case where the service so made be by publication, the affidavit for publication of summons, and the order directing the publication of summons, must also be included."

From an inspection of the judgment-roll in this case it must be said that there is nothing on the face thereof to indicate that the service had by publication was defective or that the judgment was void. The order of the court declaring the judgment void was therefore erroneous.

The order is reversed. Costs are awarded to appellant.

Morgan, C. J., and Rice, J., concur.