(No. 5653.  May 2, 1931.)

VIVIAN F. BALDWIN and E. R. BALDWIN, Appellants, v. ED. ANDERSON and AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Respondents.

[299 Pac. 341.]

James F. Ailshie, Jr., and J. R. Smead, for Appellants.

H. B. Walker, for Respondent Anderson, files no brief.

Richards & Haga and Martin & Martin, for Respondent American Surety Company of New York.

MCNAUGHTON, J.—This is an appeal from an order setting aside as void a judgment against a bondsman. The judgment against the respondent company was entered pursuant to C. S., sec. 7155, on an undertaking on appeal.

Appellants Baldwin, as plaintiffs, had procured a judgment against Ed. Anderson and the Singer Sewing Machine Company as defendants in the district court. The defendants jointly gave notice of appeal and appealed the case to the supreme court. On appeal the following undertaking was executed and filed:

"Whereas the defendant, Singer Sewing Machine Company, a corporation in the above entitled action has appealed to the Supreme Court of the State of Idaho from the judgment made and entered against it in the above entitled action and in the above entitled court in favor of the plaintiffs in said action on the 31st day of May, 1928, for the sum of Nineteen Thousand Five Hundred ($19,-500.00) Dollars and for Seventy-three and 70–100 ($73.70) Dollars costs in said suit, making a total of Nineteen Thousand Five Hundred Seventy-three and 70–100 ($19,-573.70) Dollars, and from the whole of said judgment:

"And whereas, the said appellant, Singer Sewing Machine Company, a corporation, is desirous of staying the execution of said judgment so appealed from;

"Now therefore, the undersigned American Surety Company, a corporation authorized to, and doing business in the State of Idaho, in consideration of the premises and of such appeal on the part of said appellant, Singer Sewing Machine Company, a corporation, does hereby acknowledge itself firmly bound in the sum of Twenty-five Thousand ($25,000.00) Dollars, gold coin of the United States, that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellant will pay in gold coin of the United States of America, the amount directed to be paid as to which said judgment shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if the said appellant does not make such payment within thirty days from the filing of the *remittitur* from the Supreme Court in the court from which the appeal is taken, judgment may be entered on motion of the respondents in their favor and against the undersigned surety for the said sum of Nineteen Thousand Five Hundred Seventy-three and 70–100 ($19,573.70) Dollars, together with the interest that may be due thereon and the damages and costs which may be awarded against the said appellant, Singer Sewing Machine Company, upon the appeal.

"In witness whereof, the said American Surety Company, has caused its name and seal to be attached hereto by its proper officers and agents at Boise, Idaho, this 28th day of August, 1928.

"AMERICAN SURETY COMPANY OF NEW YORK.
"By HOWARD E. STEIN,
"Attorney-in-Fact."

In the supreme court the judgment was affirmed as to Anderson but reversed as to Singer Sewing Machine Company. (49 Ida. 231, 287 Pac. 944.) The *remittitur* was filed in the district court on May 22, 1930. Pursuant to the *remittitur* on May 24th the district court entered judgment dismissing the case as to Singer Sewing Machine Company. On June 23d the appellants Baldwin moved for

judgment against the American Surety Company on the undertaking, which they claimed stayed execution on the whole judgment. This motion was granted and judgment accordingly was entered. Thereafter the American Surety Company moved to vacate and set aside said judgment on the grounds that it was, (1) void; (2) contrary to good conscience, and (3) was entered without notice to the American Surety Company. The motion was granted and an order entered whereby said judgment was declared null and void, and was annulled, vacated, and set aside. From this order the present appeal was taken.

Many assignments of error are made, but so far as this appeal is concerned we deem it necessary to consider only those which challenge the ruling of the lower court to the effect that the judgment against the Surety Company on the undertaking was void.

The briefs on both sides very ably and in great detail discuss the legal effect of the different provisions of the bond in light of the nature of the appeal. The appellants claim that the undertaking by its terms superseded and stayed execution upon the whole judgment and is conditioned to pay any part thereof affirmed by the supreme court, and that such being the conditions of the bond its recital of introductory facts is misleading and not controlling. On the other hand the respondents devote the major portion of their brief to the contention that the recital of facts in the introductory part of the undertaking governs the condition and obligation of the undertaking; that such recitals limit the stay of execution to the Singer Sewing Machine Company only, and the obligation is to pay only such judgment in whole or in part as might be affirmed against the Singer Sewing Machine Company.

We disclaim any intention or right to construe the legal effect of the undertaking in question further than to examine it in aid of determining the sole question of the court's jurisdiction to hear and determine the motion for judgment thereon.

The Surety Company did not claim error, and appeal. It did not claim inadvertence or mistake. It challenged the court's jurisdiction and moved to set aside the judgment as void. The whole question here is a question of jurisdiction, nothing further, nothing else.

If a court has jurisdiction of the parties, jurisdiction of the subject matter and jurisdiction of an issue of law or fact presented, then its judgment upon that issue is not void whether erroneous or not. Such judgments in the absence of mistake or, in a proper case, motion for new trial, may be corrected only by appeal. (*Bunnell & Eno etc. Co. v. Curtis*, 5 Ida. 652, 51 Pac. 767; *Taylor v. Hulett*, 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Wyllie v. Kent*, 28 Ida. 16, 152 Pac. 194; *United States Nat. Bank v. Eldredge*, 49 Ida. 363, 288 Pac. 416.)

Regarding notice: Where a *supersedeas* undertaking for stay of execution is filed pursuant to C. S., sec. 7155, it is held the surety becomes a party to the action and if the judgment stayed by the undertaking is affirmed in whole or in part and remains unsatisfied for thirty days the judgment creditor may move in the action for judgment on the undertaking against the surety, and it is unnecessary to give the Surety Company notice of such motion. (*Empire State-Idaho Min. & Developing Co. v. Hanley*, 136 Fed. 99, 69 C. C. A. 87; *United States Fidelity & Guaranty Co. v. Ft. Misery Highway Dist.*, 22 Fed. (2d) 369; *Gray v. Cotton*, 174 Cal. 256, 162 Pac. 1019; *Portland Trust Co. v. Havely*, 36 Or. 234, 59 Pac. 466, 61 Pac. 346.)

It is claimed by respondent that these authorities are not in point because the legal effect of an undertaking is the same as that of a bond, in that the party executing the undertaking is simply surety for a principal; that in this case the introductory recitals of the undertaking disclose that the principal is the Singer Sewing Machine Company, and that upon the action being dismissed as to it such dismissal was also a dismissal as to the Surety Company. We cannot accept this view. The undertaking is a complete

independent contract. The obligation of its maker is not collateral or secondary. (*Moffat v. Greenwalt,* 90 Cal. 368, 27 Pac. 296.) Its obligations are to be determined from the instrument itself. If the contract stayed the whole judgment and promised in consideration thereof to pay any part thereof affirmed in the supreme court which remained unpaid thirty days after the *remittitur* was filed, it remains a party to the action and liable until that obligation is satisfied.

As to jurisdiction of the subject matter of the motion: It is urgently claimed by the respondent that the district court was without jurisdiction to render the judgment on the undertaking which was entered. As we understand respondent's argument on this phase it is to the effect that it becomes necessary for this court to construe the bond to determine whether the district court had jurisdiction to enter the judgment. Quoting from Freeman on Judgments, 5th ed., vol. 1, pp. 444, 445, respondents' argument proceeds:

" 'Aside from these cases in which the purported judgment is in reality no judgment, and considering those cases in which there has been an attempt at judicial action by a competent court, a judgment is not regarded as void unless there was a total lack of jurisdiction to render it. There are in general three jurisdictional elements in every valid judgment namely, jurisdiction of the subject matter, jurisdiction of the person, *and the power or authority to render the particular judgment.* For the absence of any one of these elements, when properly apparent, the judgment may be vacated at any time, whether before or after the term or the time limited by statute for motions on statutory grounds, either on motion or of its own volition without suggestion.' "

The phrase in italics may be misleading. This matter is somewhat clarified by the quotation from *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36, as follows:

"In addition to the jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment

that the court should have jurisdiction of the question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant.''

In the Gile case an action was brought for the foreclosure of a mortgage. No allegation of indebtedness of defendant to plaintiff was contained in the complaint or claim made for a deficiency judgment. Nevertheless in the decree deficiency judgment was given. On motion, this provision of the decree was stricken as void for want of jurisdiction to award deficiency judgment. Had a question of right to deficiency judgment been presented to the court, and had the right to such relief been dependent upon a judicial construction, a very different question would have arisen on the motion to declare void. In such case clearly there might have been error but the judgment would not have been void. The vice in *Gile v. Wood* which rendered part of the judgment void was that the court adjudged there was a right to deficiency judgment though no such question was submitted to the court. The court's jurisdiction was not dependent upon a proper construction of any document. It was dependent upon the question of whether right to deficiency judgment was submitted to the court. That issue not being presented the judgment upon it was held to be void for want of jurisdiction to adjudge it, and it was set aside on motion. (See, also, *Maloney v. Zipf,* 41 Ida. 32, 237 Pac. 632.)

In the case at bar the only question presented to the court was as to right to judgment on the bond which was presented to the court by appellants in the manner provided by statute for the submission of that issue. This challenged judicable inquiry.

The question or issue presented was, Did the Surety Company, in its undertaking, become a party liable for every part of the judgment appealed from which might be affirmed by the supreme court, or did it stipulate only as to such judgment or part thereof as might be affirmed against the Singer Sewing Machine Company? To answer this question the court must look to the bond. The issue required a con-

struction of the bond as a whole. The trial court had jurisdiction of this question. It construed the bond in favor of appellants and against the Surety Company. It was not only in that court's power, but it was its duty, to decide the question submitted. (*In re Clerf*, 55 Wash. 465, 104 Pac. 622; *Windfrey v. Benton*, 25 Okl. 445, 106 Pac. 853.) Whether it decided right or wrong its decision was a judgment which could be reviewed for error, if there was error, only by this court on appeal. (*Bunnell & Eno etc. Co. v. Curtis, supra; Taylor v. Hulett, supra; Wyllie v. Kent, supra; United States Nat. Bank v. Eldredge, supra.*) On appeal the question could be re-examined. The undertaking cannot be examined and its legal effect as to this issue be determined by us on this appeal. We may consider it only in so far as to determine whether its wording is such that it afforded color of legal right in appellants to judgment. That is to say, whether appellants' motion presented a legitimate question and was not an imposition or fraud upon the court. We think, regardless of what our construction of the bond might be, it cannot be said appellants held no right to submit the question. Nor can it be said that such submission was a fraud upon the court and on that ground its judgment was void.

We find the trial court, upon the motion for judgment on the bond, had jurisdiction of the parties and jurisdiction of the subject matter; that an issue was presented and it had jurisdiction to construe the undertaking and decide the issue which its judgment assumes to decide. It follows the judgment was not void, even if erroneous in the construction, and that the trial court committed error in annulling and vacating it as void.

The order vacating the judgment is reversed, with costs to appellants.

Lee, C. J., and Givens and Varian, JJ., concur.

Petition for rehearing denied.

BUDGE, J., Dissenting.—In extension of the facts stated in the majority opinion, it appears that Vivian F. Baldwin and her husband instituted an action in the district court against the Singer Sewing Machine Company, a corporation, and one Anderson, to recover damages for personal injuries alleged to have been sustained by Vivian F. Baldwin as a result of being struck by an automobile driven by Anderson. The complaint alleged that at the time of the accident Anderson was an agent of the sewing machine company acting within the scope of his employment. From a judgment against the sewing machine company and Anderson an appeal was taken to this court, resulting in a reversal of the judgment against the sewing machine company and affirmance of the judgment against Anderson.

To stay execution of the judgment of the trial court against the sewing machine company pending appeal, the American Surety Company executed a *supersedeas* bond, in terms as set out in the majority opinion. Upon the going down of the *remittitur* of this court, filed in the office of the clerk of the district court May 22, 1930, and in compliance therewith, the trial court "ordered, adjudged and decreed . . . . that the plaintiffs Vivian F. Baldwin and E. R. Baldwin take nothing from defendant Singer Sewing Machine Company, and that the said cause of action be, and the same is hereby dismissed as to the defendant Singer Sewing Machine Company, a corporation."

On June 23, 1930, upon *ex parte* motion, appellants here, before a judge other than the one who tried the original action, procured a judgment to be entered against the American Surety Company on the *supersedeas* bond. On June 26, 1930, upon notice and motion, respondents moved the court to set aside and vacate the judgment theretofore entered against the American Surety Company, upon three grounds, (1) that the judgment was void; (2) that it was contrary to good conscience; and (3) that it was entered without notice to the American Surety Company. After a hearing and due consideration of the motion, and affidavit filed therewith, the court made the following order:

"Now, therefore, it is hereby ordered, adjudged and decreed, that that certain judgment made and entered in the above entitled cause on June 23, 1930, against the American Surety Company of New York, a corporation, in the sum of $22,357.21, together with interest thereon at the rate of seven per cent per annum from date until paid, be, and the same hereby is, vacated, annulled and set aside, and the same is hereby declared to be null and void, and the execution issued pursuant thereto be, and the same hereby is quashed and recalled."

This appeal is taken from the above order.

In the majority opinion it is held that the lower court had jurisdiction to enter the judgment upon the *supersedeas* bond and that its action in this regard is not subject to be reviewed by notice and motion, but on appeal. This position to my mind is not tenable. This court has now before it the identical record it would have, had an appeal been taken. If the judgment entered upon the *supersedeas* bond is void upon its face and it so appears from the record, it was subject to attack upon notice and motion, or it was within the power of the trial court, upon its own motion, independent of any statute, to vacate the judgment. (*Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023; 15 Cal. Jur., pp. 52, 53, sec. 141; *Du Bois v. Clark,* 12 Colo. App. 220, 55 Pac. 750.) Even though the judgment was not void upon the face of the record, it was nevertheless subject to be vacated upon motion made within a reasonable time by a showing of lack of jurisdiction of the court to enter it. (*Armitage v. Horseshoe Bend Co.,* 35 Ida. 179, 204 Pac. 1073; *Nixon v. Tongren, supra; Norton v. Atchison, T. & S. F. R. Co.,* 97 Cal. 388, 33 Am. St. 198, 30 Pac. 585, 32 Pac. 452; 14 Cal. Jur., p. 1024 et seq.)

The *supersedeas* bond upon its face and throughout its contents shows clearly that it was given to stay execution upon the judgment and the whole thereof entered against the sewing machine company. Anderson's name nowhere appears in the bond, and in order to uphold the judgment

entered upon the *supersedeas* bond it becomes necessary for the court to read into the bond that it was given to stay execution of the judgment against Anderson as well as against the sewing machine company. This the court has no authority to do.

It is fallacious to contend that under a judgment joint in form but in fact and in law joint and several against two or more defendants, a stay of execution on such judgment in favor of one of the defendants pending an appeal is a stay of execution as against all of the defendants. It is likewise illogical to contend that a *supersedeas* bond stays proceedings in favor of a person not named in the bond. Appellants were in a position at any time from the entry of the original judgment against the sewing machine company and Anderson to execute upon the judgment against Anderson, the latter having furnished no *supersedeas* bond. (C. S., secs. 7155, 6902 (amended, Sess. Laws 1929, p. 70); 23 C. J., p. 533; 3 C. J., p. 1324, sec. 1451; 2 Cal. Jur., p. 472, sec. 222; *Drabant v. Cure,* 280 Pa. 181, 124 Atl. 340; *State v. Beveridge,* 109 Or. 69, 218 Pac. 1112; *Bergevin v. Wood,* 11 Cal. App. 643, 105 Pac. 935; *Ex parte French,* 100 U. S. 1, 25 L. ed. 529.)

The *supersedeas* bond is the foundation of the judgment obtained thereon and must be interpreted from its four corners. The surety is entitled to have his bond strictly construed. His liability cannot be extended by implication. He has a right to stand upon the exact words of his contract, and his liability is limited to the language of his bond. (*City of Pocatello v. Fargo,* 41 Ida. 432, 242 Pac. 297; *Jackson v. Barrett,* 12 Ida. 465, 86 Pac. 270.) With this principle in mind the bond should be examined for the purpose of determining whether the court had jurisdiction to enter the particular judgment. The court must not only have jurisdiction of the person and the subject matter but power and authority to render the particular judgment. In the opening of the bond we find this language:

"Whereas, the defendant Singer Sewing Machine Company, a corporation, in the above entitled action has appealed to the Supreme Court of the State of Idaho from the judgment made and entered against it in the above entitled action in the above entitled court in favor of the plaintiffs in said action, . . . . and from the whole of said judgment",

—the whole of said judgment against the Singer Sewing Machine Company, not the whole of the judgment against Anderson. Anderson is an entire stranger to the American Surety Company. That he was never thought of when the *supersedeas* bond was given is a fact apparent from the entire record. To read his name into the bond or to create a liability against the American Surety Company by reason of the fact that the judgment was rendered against Anderson and the Singer Sewing Machine Company is to do violence to the language of the bond. No language could be plainer to my mind, from a reading of the bond, than that it was the intention of the American Surety Company to furnish a *supersedeas* bond for the Singer Sewing Machine Company alone. Had it intended to furnish a bond for both the sewing machine company and Anderson, language would have been used to that effect. It names the Singer Sewing Machine Company in its bond, it refers to the judgment entered against the sewing machine company in its bond, and the bond is given to stay execution against the whole of the judgment entered against the sewing machine company. This is further emphasized by the next paragraph of the bond, which is as follows:

"And whereas, the said appellant, Singer Sewing Machine Company, a corporation, is desirous of staying the execution of said judgment so appealed from."

What judgment? The judgment appealed from by the Singer Sewing Machine Company. We must look to the whole instrument to gather the intention of the parties, the preamble as well as the condition of the bond, and particularly is this true where there is doubt. The condition of the bond is even more explicit than the preamble in limiting

liability on the bond to a stay of execution against the Singer Sewing Machine Company. It is as follows:

"Now, therefore, the undersigned American Surety Company, a corporation authorized to, and doing business in the state of Idaho, in consideration of the premises and of such appeal on the part of said appellant, Singer Sewing Machine Company, a corporation, does hereby acknowledge itself firmly bound in the sum of Twenty-five Thousand ($25,000.00) Dollars, gold coin of the United States, that if the said judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellant will pay in gold coin of the United States of America, the amount directed to be paid as to which said judgment shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if the said appellant does not make such payment within thirty days from the filing of the *remittitur* from the Supreme Court in the court from which the appeal is taken, judgment may be entered on motion of respondents in their favor and against the undersigned surety for the sum of Nineteen Thousand Five Hundred Seventy-three and 70–100 ($19,573.70) Dollars, together with the interest that may be due thereon and the damages and costs which may be awarded against the said appellant, Singer Sewing Machine Company, upon the appeal."

It affirmatively appears from the condition of the bond as above set out that the bond was given solely for the purpose of staying execution against the Singer Sewing Machine Company, with the amount of the judgment payable only in the event the judgment against the Singer Sewing Machine Company or any part thereof be affirmed. If the judgment against the sewing machine company had been affirmed in part the bond would be answerable to the extent of the affirmance.

The bond is unambiguous and clearly determines the liability of the surety. There is no room for construction and no justification for holding that the bond will be considered no further than to examine it in aid of determin-

ing the sole question of the trial court's jurisdiction to enter judgment on the bond. Even under such a technical view there is ample justification for holding that the judgment entered on the *supersedeas* bond was void. But the majority opinion actually construes the bond and its legal effect and holds that because the judgment was affirmed as to Anderson, it was affirmed in part and the surety is liable.

To recapitulate, we have this situation: The district court had no jurisdiction over the Singer Sewing Machine Company after the judgment against it had been set aside in this court. The rule is that when an order is entered in an appellate court reversing a judgment it is forthwith vacated and no longer remains in existence. (2 R. C. L., p. 270, sec. 222.) When the judgment was set aside as to the sewing machine company, the American Surety Company could not be liable because its principal had been dismissed. (1 Freeman on Judgments, 5th ed., p. 1026, sec. 466; *Howell v. Alma Milling Co.*, 36 Neb. 80, 38 Am. St. 694, notes, pp. 702–712, 54 N. W. 126; *First Nat. Bank v. Rogers*, 13 Minn. (Gil. 376) 407, 97 Am. Dec. 239; *Burnham v. Edwards*, 125 Okl. 272, 257 Pac. 788, 53 A. L. R. 800.) The bond upon its face, in unmistakable language, shows that it was given to stay execution against the Singer Sewing Machine Company and for no one else, and the court therefore had no authority to construe the bond to include the judgment against Anderson. The judgment against the Surety Company on the *supersedeas* bond was therefore void when entered, and was subject to attack by motion to, and was properly, set aside.

No other result can follow from the holding of the majority than a miscarriage of justice, and it is repugnant to both the state and federal Constitutions in that the Surety Company is deprived of its property without due process of law.