## AMERICAN SURETY CO. OF NEW YORK v. BALDWIN et al.

### No. 1626.

District Court, D. Idaho, S. D.

Feb. 6, 1933.

O. O. Haga and Richards & Haga, all of Boise, Idaho (Martin & Martin, of Boise, Idaho, of counsel), for plaintiff and defendant in ancillary proceedings.

James F. Ailshie, Jr., and J. R. Smead, both of Boise, Idaho, for defendants and complainants in ancillary bill.

CAVANAH, District Judge.

The defendants bring this their ancillary bill of complaint against the American Surety Company, plaintiff in the bill of complaint filed in this court on July 6, 1931, seeking to obtain equitable relief supplementary and ancillary to the original suit in equity.

The facts exhibited in the ancillary bill are that it is ancillary to the suit between the present parties now pending in this court and is brought for the purpose of enforcing the rights of the defendants acquired under the decree of this court on August 1, 1931, 51 F.(2d) 596, and the decree of the Supreme Court of the United States entered November 14, 1932, and its mandate issued on January 10, 1933, affirming the decisions of the Supreme Court of the State of Idaho (Baldwin v. Anderson, 50 Idaho, 606, 299 P. 341) involving the finality of the decree of the state district court and the decree of this court dismissing said bill of the surety company. American Surety Co. v. Baldwin, 53 S. Ct. 98, 77 L. Ed. ——. That on January 10, 1933, the surety company filed a complaint against the defendants in the state district court, where the judgment in question was originally entered, praying for an order enjoining the defendants and their attorneys and agents from enforcing the same. It is further charged in the bill that the matters and issues tendered by the complaint in the last-mentioned case pending in the state district court have been adjudicated by this court and are res judicata under the opinions and decrees of the Supreme Court of the United States and this court, and is an attempt to relitigate the issues determined by the Supreme Court of the United States and this court. That the surety company and its representatives be enjoined from proceeding with the suit now pending in the state district court or doing anything to prevent the defendants in the full enjoyment of their rights under the said decrees of the Supreme Court of the United States and this court.

The surety company answered and asserts that the ancillary proceedings are unauthorized for the reason that no action is now pending in this court to which ancillary proceedings could be had; that the decree of dismissal of this court was final and the court should not now go into the merits of the case after the state court had reached its conclusion thereon; that the Supreme Court of the United States on November 14, 1932, and this court in their decisions held in effect that the surety company could not obtain any relief in the federal court because it had

first sought relief in the state court and therefore no order of this court is necessary to carry the decree into effect. That the matters and issues tendered by the complaint in this action now pending in the state district court have not been determined by this court and are not res judicata under any decision in the cause, and that the plaintiff does not seek to relitigate any issue decided by the Supreme Court of the United States and this court.

The defendants upon the pleadings thus stated move for an injunction restraining the surety company and its representatives from proceeding or doing any act in connection with the suit commenced in the state district court, or from commencing any other suit of similar nature in any other court that will interfere with defendants' full enjoyment of their rights under the decrees of the Supreme Court of the United States and this court. Attention is called to the records in the various proceedings referred to in the ancillary bill and answer, and the court now has before it the matters and issues presented and decided by all the courts in which the case has, without parallel, made so many journeys,

[1] The determination of defendants' contention requires a review of the issues presented and the numerous steps taken by the parties in their desire for some court to inform them what their rights are under the facts and legal principles applicable. We are presented now with no problem of jurisdiction, but the assertion urged with much earnestness that the defendants who obtained the judgment in the state district court be permitted to proceed without being enjoined in the enforcement of the judgment, and that this court whose decree is being disregarded by the surety company enjoin such interference of its decree. The judgment in question is now, without doubt, a final one as it has the approval of the Supreme Court of the state and the Supreme Court of the United States. The decision of those courts should be accepted as conclusive of the facts upon which they are based, for no principle is better settled than that where a question is directly put in issue, and finally determined in a legal proceeding by a court, it will be deemed final and conclusive upon the parties in all future litigation between them in which the same question arises. In that view the surety company has no standing in a court of equity to now obtain a decree that would be in disregard of the facts and legal principles thus conclusively found by those courts in which the litigation was brought to a final conclusion.

To surmount these difficulties, the surety company again urges that the judgment may still be unconscionable and unfair and should be vacated. Should such consideration be given, it would run counter to the principle stated and there would be no end to litigation in which a judgment had become final by reason of its approval by the highest court of the state and of the United States, unless there appears want of jurisdiction or fraud. The process of a federal court, where it is urged that proceedings in a state court should be enjoined, does not issue unless the path is clear. Reluctance there must be where relief is sought by injunction for an interference with proceedings in a state court which had first obtained jurisdiction unless in a case free of doubt, or in the enforcement of the decree of a federal court issuing the injunction. But the broad question now in controversy is: Whether the defendants by an ancillary bill in the present suit can enjoin the relitigation in a state court of the issues decided by this court where, in the state court, it appears that the surety company now proceeding in that court has in the present case invoked the jurisdiction of this court? If the questions involved in the case now pending in the state court were presented and determined by the decree of this court in the present case, there would seem to be no doubt of the power of this court to prevent the relitigation of those questions. Looney v. Eastern Texas R. Co. et al., 247 U. S. 215, 38 S. Ct. 460, 62 L. Ed. 1084; Riverdale Cotton Mills v. Alabama, etc., Mfg. Co., 198 U. S. 188, 25 S. Ct. 629, 49 L. Ed. 1008; St. Louis Min. & Mill Co. v. Montana Mining Co. (C. C.) 148 F. 450. Otherwise, instead of terminating the controversy between the parties, it would leave the successful one under the necessity of engaging in a new conflict which would be contrary to principles of reason and justice. This observation is recognized by the Supreme Court when in speaking through Mr. Justice Roberts, in Baldwin v. Iowa State Traveling Men's Association, 283 U. S. 522, 51 S. Ct. 517, 518, 75 L. Ed. 1244, it is said: "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause."

A history of the numerous steps taken by the parties in the litigation and the results as disclosed by the original bill filed here by the surety company reveal that prior to May 31, 1928, the Baldwins instituted an action in the state district court against the Singer Sewing Machine Company and Ed. Anderson to recover damages which resulted in a verdict of a jury in their favor. Thereafter an appeal was taken to the Supreme Court of the state, who affirmed the decree of the trial court as against Ed. Anderson and reversed it as to the Singer Sewing Machine Company. Baldwin v. Singer Sewing Mach. Co., 49 Idaho, 231, 287 P. 944. In order to stay execution upon the appeal an undertaking was executed and filed by the surety company as surety. After the remittitur of the state Supreme Court came down, the Baldwins, who were plaintiffs there, moved the court for the entry of judgment, which was granted against the surety company on the undertaking under a provision of the state statute. As soon as the surety company discovered that the judgment had been entered, it moved the court to vacate and set it aside which was granted. An appeal was then taken by the Baldwins to the Supreme Court of the state from the order of the trial court vacating the judgment which resulted in a reversal of the order so made by the trial court. Baldwin v. Anderson, 50 Idaho, 606, 299 P. 341. After the remittitur of the state Supreme Court on appeal from the order of the trial court vacating the judgment was filed in the state district court, the Baldwins caused execution to issue upon the original judgment and a levy upon certain securities of the surety company deposited in the treasury of the state of Idaho pursuant to the provisions of section 5104, Compiled Statutes. Pursuant to such levy the sheriff of Ada county noticed the securities for sale, the proceeds thereof to be applied in satisfaction of the judgment. The original bill here was then filed in which the surety company prayed for an injunction restraining the defendants Baldwins and the sheriff from enforcing the original judgment entered by the state District Court. A comparison of the original bill filed here and the complaint filed in the state district court on January 10, 1933, on which the surety company is now attempting to restrain the enforcement of the original judgment, and the pleadings submitted to the Supreme Court of the United States, discloses that the surety company

seeks to again relitigate in the state district court the same issues and matters submitted in the original bill here and to the Supreme Court of the United States. This it cannot do where it appears that the same questions as to the manner in which the original judgment of the state district court was entered and the reasons why it is now claimed to be void and the facts pleaded in connection therewith were set forth by the surety company in the original bill here.

 The mandate of the Supreme Court of the United States to this court commanded that such execution and further proceedings be had in conformity with its opinion and decree which was an affirmance of the decision of this court. The question therefore recurs: Can the former decree of this court be so interpreted as to having decided the same issues and matters as are now pleaded in the case pending in the state district court, and, if so, it seems settled that a federal court has ancillary jurisdiction and power to enforce its decrees, and to that end may entertain an ancillary bill to enjoin proceedings of a suit in a state court which attacks in a substantial respect the effect of such decree. It may under such circumstances inquire by ancillary suit whether that jurisdiction existed. Wilson et al. v. Alexander (C. C. A.) 276 F. 875. And if such is found to be the case, it may, to enforce its decree in the original suit, prevent the relitigation in other courts of the issues it has heard and decided in the original suit. St. Louis-San Francisco R. Co. v. McElvain (D. C.) 253 F. 123. The scope of the decree of this court must be measured by the allegations of the original bill and the ground of the motion to dismiss. It is to be considered with reference to the issues it was meant to decide. Referring then to the opinion of this court and on which the decree of dismissal with prejudice was entered, it disposed of the same issues and questions as are now urged to be again considered in the action pending in the state district court. Those issues and questions were by the parties presented to the court and its decree of dismissal determined them. One of the principle questions there considered and again urged by the surety company in its action now pending in the state district court is whether the judgment in question is consistent with due process of law, and the conclusion there reached was that as the highest court of the state had held the judgment to be valid the principle of res judicata applied. This conclusion was sustained by the Supreme Court of the United States where it is said: "The principles of res judicata may apply, although the proceeding was begun by motion. Thus, a decision in a proceeding begun by motion to set aside a judgment for want of jurisdiction is, under Idaho law, res judicata, and precludes a suit to enjoin enforcement of the judgment. Bernhard v. Idaho Bank & T. Co., 21 Idaho, 598, 123 P. 481, Ann. Cas. 1913E, 120." American Surety Company v. Vivian F. Baldwin et al., 287 U. S. 156, 53 S. Ct. 98, 102, 77 L. Ed. ——.

We must not forget that the surety company instituted this suit and presented in its bill practically the same facts we are now considering set forth in its complaint now pending in the state district court and contested the same with the Baldwins on the motion to dismiss through this and the Supreme Court of the United States, the result of which being in effect a final decision against it upon the question now involved. Its assertion that the judgment in dispute in inequitable and unfair for the reason that it was not obligated under the undertaking, and notice was not given before its entry, appears in the original bill here and the record on the appeals to the Supreme Court of the United States and the state Supreme Court, and when this court said it is not within the power of a federal court to review the conclusions reached by the state court, having first assumed jurisdiction on questions which goes to the merits of the case and that the proceedings taken in the state court constituted res judicata, it had before it the decision of the state Supreme Court where the same question was made that the judgment was inequitable and unfair and where it was held that the judgment was not void, even if erroneous in the construction of the undertaking. This decision, as has been said, was reviewed by the Supreme Court of the United States, where Justice Brandeis remarked that: "Thus the entry of judgment was consistent with due process of law. We need not inquire whether its validity may not rest also on the ground that the surety company, by giving the bond, must be taken to have consented to the state procedure. Compare United Surety Co. v. American Fruit Product Co., 238 U. S. 140, 142, 35 S. Ct. 828, 59 L. Ed. 1238, 1239; Corn Exch. Bank v. Coler, 280 U. S. 218, 223, 50 S. Ct. 94, 74 L. Ed. 378, 382. The opportunity afforded by state practice was lost because the surety company inadvertently pursued the wrong procedure in the state courts. Instead of moving to vacate, it should have appealed directly to the state Supreme Court. When later it pursued the proper course, the time

for appealing had elapsed. The fact that its opportunity for a hearing was lost because misapprehension as to the appropriate remedy was not removed by judicial decision until it was too late to rectify the error does not furnish the basis for a claim that due process of law has been denied. Compare O'Neil v. Northern Colorado Irrig. Co., 242 U. S. 20, 26, 37 S. Ct. 7, 61 L. Ed. 123, 128. Having invoked the state procedure which afforded the opportunity of raising the issue of lack of notice, the surety company cannot utilize the same issue as a basis for relief in the federal court." American Surety Company v. Vivian F. Baldwin et al., 287 U. S. 156, 53 S. Ct. 98, 102, 77 L. Ed. ——. Under such circumstances it is not within the power of this court to permit the surety company to render such decree ineffectual by instituting a new suit in the state court to relitigate the questions determined by such judgments, otherwise there would be no end to a controversy.

In view of what has been said, the effect of the decree of this court was an adjudication of the questions now attempted to be relitigated in the new suit pending in the state district court, and therefore the motion upon the pleadings of the defendants and complainants in their ancillary bill is sustained and an injunction will issue as there prayed, with costs.